*In re* BOBOWSKI.

1. HABEAS CORPUS—VIOLATION OF PROBATION—HEARING.
    Habeas corpus is the proper remedy to inquire into the reason
    of the detention of a defendant who has not been given an
    opportunity to present his case on violation of order placing
    him on probation (3 Comp. Laws 1929, § 17374).

2. CRIMINAL LAW—HEARING ON VIOLATION OF PROBATION.
    Summary hearing required by statute to be accorded party
    charged with having violated order of probation was not af-
    forded defendant where probation officer and two police
    officers testified as to matters of which they did not have
    personal knowledge and defendant stated he was not guilty
    thereof but was not offered an opportunity to produce the
    witnesses he had to prove it (3 Comp. Laws 1929, § 17374).

3. SAME—HEARING ON VIOLATION OF PROBATION—REMAND.
    Where order revoking probation is set aside and sentence
    vacated because defendant had not been accorded the statu-
    tory summary hearing, remand to custody of trial court is
    without prejudice on part of the court to conduct a hearing
    as to the violation of the terms of the probation order (3
    Comp. Laws 1929, § 17374).

Habeas corpus by Edward Bobowski with accom-
panying certiorari to the Honorable John J. Maher,
Judge of Recorder's Court of the City of Detroit,
to obtain his release from Warden of Michigan Re-
formatory at Ionia, Michigan. Submitted Novem-
ber 27, 1945. (Calendar No. 43,222.) On March 4,
1946, petitioner remanded to custody of court with-
out prejudice to second hearing.

*Roman V. Ceglowski* and *Harold Helper,* for pe-
titioner.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Andrew DeMaggio,* Assistant Prosecuting Attorney, for the people.

BUTZEL, J. On June 15, 1944, Edward Bobowski was convicted in the recorder's court of the city of Detroit of unlawfully driving away an automobile. On June 30, 1944, the trial judge placed him on probation upon his personal recognizance in the charge of the probation department for a period of three years. On December 14, 1944, he was arrested for alleged violation of probation and summarily brought before the court that had placed him on probation. No written charges were filed. He pleaded not guilty to a violation of the probation. However, the judge found him guilty and sentenced him to imprisonment for a minimum term of 2 years and a maximum of 5 years. At the time of the latter hearing a robbery unarmed charge was pending against him in the recorder's court of the city of Detroit. However that was dismissed. While the judge in his return to the writ of certiorari states that the latter charge was robbery armed, the information charged that petitioner and two others while unarmed assaulted one James Eady and took $3.21 from him. The probation department also was asked to hold Bobowski on a charge of the unlawful theft or driving away of another's car from a parking lot. However, instead of doing this, they brought him before the judge in this summary proceeding wherein he was found guilty of violation of probation and sentenced.

Where defendant is not given an opportunity to present his case, habeas corpus is the proper remedy to inquire into the reason of the detention. *In re Bourne,* 300 Mich. 398; *In re Gordon,* 301 Mich. 224;

*In re Miller,* 303 Mich. 81. We issued a writ of habeas corpus together with an ancillary writ of certiorari.

When Bobowski was brought into court, he was then first advised by the clerk of the court that he was charged with violation of the probation. He was not charged with any specific misconduct. He pleaded not guilty. The court then heard from the probation officer whose testimony was entirely hearsay. Two police officers who had arrested Bobowski were also sworn. They too had no personal knowledge of any facts showing violation of probation. The judge finally interrogated defendant and told him that he had a right to be heard whereupon he stated:

"I am not guilty and I got witnesses to prove that I am not guilty of it."

He was not offered the opportunity to produce such witnesses. After being asked his age and why he was not in the army, he was sentenced. This was not a summary hearing as required by 3 Comp. Laws 1929, § 17374 (Stat. Ann. § 28.1134). See *People* v. *Myers,* 306 Mich. 100.

The order revoking the probation is set aside, the sentence vacated and petitioner remanded to the custody of the court without prejudice on the part of the trial court to conduct a hearing as to the violation of the terms of the probation order.

CARR, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.