*In re* RUDNIK.

1. CRIMINAL LAW—ORDER OF PROBATION.
   Statutory conditions must be read into orders for probation of persons convicted of crime.

2. SAME—REVOCATION OF ORDER OF PROBATION.
   An order for probation of a person convicted of crime may be revoked only for a violation of the order, including provision that the probationer shall not violate any criminal law of the State.

3. SAME—REVOCATION OF PROBATION—HEARING.
   Order revoking probation of petitioner for habeas corpus is set aside, where it does not appear that it was issued after a hearing at which he had been informed of the charge which he was required to meet (CL 1929, § 17374).

4. SAME—HEARING ON VIOLATION OF PROBATION.
   Remand to trial court for proper hearing as to revocation of order of probation is made where order revoking probation is set aside and sentence vacated because the statutory summary hearing had not been accorded before order was issued when defendant was apprehended for breach of a penal statute (CL 1929, § 17374).

Habeas corpus with accompanying certiorari by Frank Rudnik to obtain his release from State Prison of Southern Michigan. Submitted February 11, 1952. (Calendar No. 45,369.) Sentence vacated and petitioner remanded to Recorder's Court for the City of Detroit for hearing April 7, 1952.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] Generally as to probation and parol, see 15 Am Jur, Criminal Law §§ 498, 499; 39 Am Jur, Pardon, Reprieve and Amnesty §§ 81–95.

*Frank Rudnik, in pro. per.*

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Joseph A. Sullivan,* Assistant Prosecuting Attorney, for the people.

BUSHNELL, J. In this matter we issued a writ of habeas corpus with an ancillary writ of certiorari.

Petitioner Frank Rudnik, on February 10, 1944, was arraigned on an information charging him with breaking and entering a building in the nighttime, with intent to commit larceny therein. His plea of guilty was accepted. Sentence was deferred from time to time and finally on April 10, 1944, was again deferred until further order for the reason that Rudnik had been inducted into the United States army. His former recognizance was cancelled and his personal recognizance was fixed at $1,000. On September 5th he was placed on 3 years' probation, which was suspended during his army service.

Rudnik was discharged from the army on December 8, 1944. On March 2, 1945, he was brought into court for violating his probation, and after a hearing his probation was continued. On June 5, 1945, Rudnik was arrested while in company with a parolee after threatening a gasoline station attendant with a knife. On the same day a request for a warrant for violation of probation was filed by the department of probation and a capias was issued for his rearrest. On June 8, 1945, Rudnik's probation was "revoked and terminated," and he was sentenced to prison for a term not less than 3 nor more than 15 years, with a recommendation of 3 years. A motion to set aside his sentence was denied. He was paroled on May 24, 1948, and while at liberty on this parole was found guilty of an attempted breaking and entering a store in the nighttime, for which he

received a sentence of 2 to 5 years to run concurrently with his previous sentence.

After the denial of several motions, Rudnik's petition for leave to vacate the original judgment and sentence was denied on September 21, 1951. The questions raised in that petition are renewed by this defendant, *in pro. per.*, in his petition here for a writ of habeas corpus. He contends that he was never informed of the conditions of his probation and that he could not have been held to have violated that probation because he had not been convicted or sentenced for a new offense. He also insists that no complaint or warrant was issued against him as a probation violator; that he was not informed as to the nature and cause of the accusation, and was not given an opportunity to produce witnesses in his behalf.

No conditions are stated in any of the orders for probation. However, the statutory conditions must be read into those orders and probation may then be revoked only for violation thereof. One of the statutory provisions is that he shall not violate any criminal law of the State. See *People* v. *Pippin,* 316 Mich 191; and *People* v. *George,* 318 Mich 329. The record shows that Rudnik was sentenced as a probation violator because of his breach of a penal statute, namely, felonious assault.

Rudnik is incorrect in his contention that no complaint or warrant was issued because we find that warrant in the file now before us. However, he is not charged therein with any probation violation; nor does it appear that this warrant was served upon him. There is nothing in the file before us to show that Rudnik was informed of the charge that he was required to meet at the hearing. The 1945 proceedings were not a "summary hearing" as required by the statute. CL 1929, § 17374 (Stat Ann § 28.1134). For present statute see CL 1948, § 771.4 (Stat Ann

1951 Cum Supp § 28.1134). The situation in the instant case is comparable to that in *Re Bobowski*, 313 Mich 521.

The order revoking the probation is set aside, the sentence vacated, and petitioner is remanded to the custody of the Recorder's Court for the city of Detroit, where a proper hearing is ordered after information is given Rudnik of the charge that he may be required to meet.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.