*In re* McLEOD.

Pardon—Revocation of Probation—Hearing—Waiver—Statutes.
Revocation of probationary order and sentence imposed *held*, invalid, where habeas corpus petitioner was brought into court for an alleged violation of his probation without having been served with a written copy of the charges against him and order to show cause why probation should not be revoked was not served on him prior to the hearing, since there had not been compliance with the statute as to probation and record fails to disclose a waiver thereof by petitioner who was not represented by counsel (CL 1948, § 771.4).

Habeas corpus by Norman McLeod, with accompanying writ of certiorari to Oakland county circuit judge, to obtain release from Michigan Reformatory. Submitted May 6, 1957. (Calendar No. 47,072.) Order revoking parole and resulting sentence vacated and petitioner remanded to circuit court June 3, 1957.

*S. James Clarkson,* for petitioner.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Frederick C. Ziem,* Prosecuting Attorney, and *Robert D. Long,* Assistant Prosecuting Attorney, for the people.

References for Points in Headnotes
[1] 15 Am Jur, Criminal Law § 500.

CARR, J.  It appears from the record before us in this matter that the petitioner, Norman McLeod, was charged in the circuit court of Oakland county with the offense of attempting to procure the commission of an act of gross indecency in violation of CLS 1954, § 750.338b (Stat Ann 1954 Rev § 28.570 [2] ).  To such charge he pleaded guilty, and under date of March 5, 1956, he was placed on 3 years' probation by the circuit judge who took the arraignment.  Shortly thereafter, on or about May 14, 1956, he was taken into custody for investigation on a charge of statutory rape.  The probation officer of the county filed a petition in the court asking that an order issue requiring McLeod to show cause why his probation should not be revoked.  Said order issued under date of May 17, 1956, and on the same date petitioner was taken before the circuit judge who had made the probationary order.  Testimony was taken indicating that the terms of the probation had been violated by the commission of the offense above mentioned.  In consequence, the probation was revoked, and petitioner was sentenced to a term of not less than 1-1/2 years nor more than 2 years.

The petition filed in this Court by McLeod sought issuance of a writ of habeas corpus to inquire into the legality of his imprisonment in the Michigan reformatory at Ionia under the sentence imposed on him by the Oakland county circuit court and also a writ of certiorari to said court to review the record in connection with the revocation of the probationary order.  Said writs were issued, and returns thereto have been made by the warden of the Michigan reformatory and by the circuit judge.  The cause has been submitted on typewritten record and briefs.  It is the claim of the petitioner in substance that the proceeding leading to the revocation of his probation was fatally defective in that no written copy of the charges against him was ever served on

him as required by CL 1948, § 771.4 (Stat Ann 1954 Rev § 28.1134). It is conceded that the statute was not complied with in the respect indicated, and, further, that the order to show cause was not served on petitioner prior to the hearing.

The return to the writ of certiorari contains a transcript of the proceedings taken in court at the hearing on May 17, 1956. It does not appear that the attention of the circuit judge was called to the fact that no copy of written charges alleging wherein the probationary order had been violated had been served on petitioner or that the show cause order had not been served. The assistant prosecuting attorney handling the matter on behalf of the people stated to the court that McLeod had been brought in for an alleged violation of his probation. The judge thereupon ascertained that McLeod was present in court and informed him that he was entitled to obtain counsel if he wished to do so, and asked whether he desired to have counsel. To such question McLeod replied "I can't afford to." Thereupon the judge advised the probationer that the statute did not require the county to furnish counsel for him, and the hearing proceeded.

The father of the 14-year-old girl against whom the offense of statutory rape was claimed to have been committed was examined as a witness and testified to finding McLeod and the girl in a compromising situation in an automobile. It was the claim of said witness that the offense was committed. The girl gave similar testimony. McLeod testified in his own behalf, denying that he had committed any offense on the occasion referred to by the witnesses for the people.

In support of his petition for the writs, counsel for petitioner has filed in this Court a statement by the mother of the girl against whom the offense, above mentioned, was claimed to have been com-

mitted, and also what purports to be a copy of an affidavit made by the girl herself repudiating the testimony that she had given on the hearing of May 17, 1956. The mother alleged in her statement that she had witnessed what occurred, and that the act claimed by the father of the girl did not take place. It appears from said statement that the mother knew of the hearing to be held before the circuit judge but did not wish to testify with reference to the alleged facts. It appears also that police officers were aware of her claim that she could testify to pertinent facts if called as a witness, but the transcript of the record does not show that the circuit judge was so advised. The proofs taken justified the revocation of the probationary order, leaving as the question to be determined in the case whether the procedure contemplated by the statute was observed in such manner as to afford petitioner a proper hearing.

The failure to furnish petitioner with a written copy of the charges against him is not explained. A like situation obtains with reference to the order to show cause. As before noted, petitioner was in custody at the time, but such fact did not obviate the necessity of complying with the statute and according to him the rights to which he was entitled thereunder. On behalf of the people it is suggested that the serving of a copy of the charges and, likewise, the service of the show cause order were waived. As before pointed out, petitioner was not represented by counsel on the hearing. Testimony was introduced as to an alleged admission made by McLeod to a police officer with reference to the claimed offense of statutory rape, but it does not appear that he was advised by said officer, or for that matter by anyone prior to the actual hearing, that he would be brought into court and required to show cause why his probation should not be revoked

on the ground that he had committed such offense. If he knew why he was being taken into court on May 17, 1956, the transcript of the proceeding held does not show such fact.

The situation presented here is somewhat similar to that in *In re Bobowski,* 313 Mich 521. There the petitioner had been placed on probation following conviction on a charge of unlawfully driving away an automobile. Subsequently, on the claim that he had committed another offense, he was brought into court before the judge who had placed him on probation. The order of probation was revoked and he was sentenced to a prison term. No written charges were served on him, and it did not appear that he knew that he was being brought into court on a charge of violating his probation until so advised by the clerk of the court. It was held that the petitioner had not been accorded his statutory rights and, in consequence, the order revoking the probation was set aside and the sentence imposed vacated. Likewise, in *In re Rudnik,* 333 Mich 216, the record before this Court failed to show that Rudnik was informed as to the charges that he would be required to meet at the hearing. Apparently a warrant was issued against him but it was not shown that it had been served on him. The order revoking probation was set aside and the sentence imposed was vacated. The situation was declared to be comparable to that in the *Bobowski Case, supra.* It may be noted, as appears from the record in the cause, that Rudnik was represented by an attorney on the hearing.

On behalf of the people attention is called to *In re Cobos,* 326 Mich 537, in which the writs issued in this Court were dismissed. There the petitioner, Cobos, had been placed on probation in the recorder's court for the city of Detroit following conviction on a certain charge. Subsequently he was convicted in the same court of assault and battery, and there-

after he was brought before said court for hearing on the question of revoking his probation. No written copy of the charges against him was served, but on the hearing he was represented by counsel who announced to the court that Cobos was ready for trial. In holding that the service of a written copy of the charges against petitioner had been waived emphasis was placed on the fact that he had been represented by 2 able attorneys, that no request for a written copy of the charges was made, that they had announced that they were ready for trial, and that the alleged violation of the terms of the probationary order consisted of the offense of which he had been convicted a few days before by the judge by whom he had been placed on probation. It was concluded that counsel were aware of their client's right to be served with a written copy of the charges, that such right had been deliberately waived, and that the petitioner was not prejudiced in any way, he, of course, being aware of the fact of his conviction of the offense constituting a breach of the conditions of his probation.

Obviously the facts involved in the *Cobos Case* are not analogous to those in the case at bar. It may not be said on the record here before us that petitioner in the instant proceeding waived the rights granted to him by statute. An order will enter setting aside the order of the trial court revoking petitioner's probation and vacating the sentence imposed on him. Petitioner is remanded to the circuit court for such further proceedings as may be expedient.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred.