PEOPLE v. WOOD.

1. CRIMINAL LAW—CONTINUANCE OF PROBATION.

The granting of probation to one convicted is a matter of grace and confers no vested right to its continuance (CL 1948, § 771.4).

2. SAME—PROBATION—REVOCATION PROCEDURE.

Written copy of the charges against probationer for violation of his probation must be served upon him and at least a summary informal hearing accorded to him before revocation of the probation (CL 1948, § 771.4).

3. SAME—REVOCATION OF PROBATION—RIGHT TO COUNSEL.

There is presently no guarantee of right to counsel at a hearing on the revocation of probation (CL 1948, § 771.4).

4. SAME—REVOCATION OF PROBATION—WRITTEN COPY OF CHARGES.

Statutory requirement that probationer be furnished a written copy of the charges for revocation of his probation is not met by a reading of the charges to him when he is standing before the court during a hearing or at some other time (CL 1948, § 771.4).

5. SAME—REVOCATION OF PROBATION—HEARING—WITNESSES.

Hearing contemplated by statute to be accorded a probationer includes affording him the opportunity to produce witnesses in his behalf and it was reversible error not to afford such opportunity that had not been waived (CL 1948, § 771.4).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 563, 564.
[2] 21 Am Jur 2d, Criminal Law § 568.
   Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.
[3] 21 Am Jur 2d, Criminal Law §§ 564, 567, 568.
[4, 5] 21 Am Jur 2d, Criminal Law §§ 567, 568.
[6] 21 Am Jur 2d, Criminal Law §§ 566–568.

6. Same—Revocation of Probation—Remand.

Order revoking probation that is set aside for failure to accord probationer a proper hearing before issuing such order and remand of petitioner to custody of trial court is without prejudice on the part of the trial court after probationer is served a written copy of the probation charges he is required to meet and a proper hearing had thereon (CL 1948, § 771.4).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 November 4, 1965, at Lansing (Docket No. 863.)  Decided February 22, 1966.

Tommie M. Wood pled guilty to a charge of carrying a concealed weapon and was placed on probation for a period of 5 years.  Probation was revoked, and defendant sentenced to a term of 2 to 5 years imprisonment.  Defendant appeals.  Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Dunnings & Gibson (Stuart J. Dunnings, Jr.,* of counsel) for defendant.

Fitzgerald, J.  In June of 1964, defendant Wood entered a plea of guilty in Ingham county circuit court to a charge of carrying a concealed weapon* and was placed on probation for a period of 5 years.

In January of 1965, defendant was brought before the same court pursuant to a bench warrant charging him with violation of his probation.  A probation violation hearing was held and after listening to the testimony of the defendant, the court adjourned the hearing and requested the chief probation officer to

---

* CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424).—Reporter.

produce witnesses at a subsequently scheduled hearing.

At the conclusion of the later hearing, the defendant was held to have violated his probation, probation was revoked, and he was sentenced to a term of 2 to 5 years imprisonment. The defendant was not represented by counsel at these hearings.

In March of 1965, defendant's attorney filed a motion asking the court to set aside its order revoking probation. The reasons given were that defendant was not furnished with a written copy of the charges constituting the claim that he had violated probation nor was he advised of his right to have counsel represent him at the hearings and to produce witnesses in his own behalf.

A hearing was held on this motion and the testimony of a probation officer was taken to the effect that the defendant either had possession of, or was familiar with, the contents of a written copy of the charges constituting the claim of probation violation.

Defendant's attorney stated that he had been contacted by the defendant and that one of the reasons the attorney was not present at the hearings was a misunderstanding as to the nature of the proceedings. The motion to set aside the order revoking probation was denied.

After the order entered denying defendant's motion, a document was filed with the court and served on defendant's attorney certifying that defendant was served with an "exact copy of petition and warrant which sets forth the charges against this person relative to his probation violation on December 22, 1964." The document is dated March 26, 1965, three days after the order entered denying defendant's motion, and is signed "B. Joe Southwell, Sgt." Defendant's attorney states in his brief that no petition or warrant setting forth any charges was at-

tached to the instrument served on him. This is also true of the original document as filed with the court.

Defendant alleges two grounds for reversal in this appeal. First, that the revocation was invalid because he was not properly served with a warrant and a copy of the charges against him. Second, that he was denied due process of law in that he was not informed of his right to be represented by counsel at the hearings or to present witnesses in his own behalf.

In order to determine these questions it is necessary to examine the statute under which probation is given and revoked, namely chapter 11 of the code of criminal procedure PA 1927, No 175, as amended; CL 1948 and CLS 1961, § 771.1 et seq. (Stat Ann 1954 Rev and Stat Ann 1963 Cum Supp § 28.1131 et seq.). Section 4 of this chapter is important in the determination of this case. This section is as follows:

"It is the intent of the legislature that the granting of probation to one convicted shall be a matter of grace conferring no vested right to its continuance, if, during the period of probation it shall appear to the satisfaction of the sentencing court that the probationer is likely again to engage in an offensive or criminal course of conduct, or that the public good requires revocation or termination of probation previously granted. All probation orders, therefore, shall be revocable or terminable in any manner which the court which imposed probation shall deem applicable, either for any violation, or attempted violation of any condition of probation, or for any other type of antisocial conduct or action on the part of the probationer which shall satisfy such court that revocation is proper in the public interest. Hearings on such revocation shall be summary and informal and not subject to the rules of

evidence or of pleadings applicable in criminal trials. The court may, in its probation order or by general rule, provide for the apprehension, detention and confinement of any probationer accused of violation of any of the conditions of probation or of conduct inconsistent with the public good. The method of hearing and presentation of charges accorded shall lie entirely within the discretion of the court which granted probation: Provided, however, That the probationer shall be entitled to a written copy of the charges against him which constitute the claim that he violated his probation, and shall be entitled to a hearing thereon. Said court is hereby empowered to make such investigation and such disposition of probationer thereafter as such court may determine shall best serve the interests of the public. In case such probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made." (CL 1948, § 771.4 [Stat Ann 1954 Rev § 28.1134].)

It is noted that the legislature set forth with some particularity what it intended by the enactment of this statute, namely that the granting of probation is a matter of grace and that hearings on revocation are summary and informal. Further, they state, hearings are not subject to the rules of evidence or pleadings applicable in criminal trials and also that the method of hearing and presentation of charges shall be within the discretion of the court.

In response to the question as to whether a defendant has a right to counsel at a hearing on probation revocation, we believe that under present interpretations of appellate courts the answer is that there is no guarantee of right to counsel at such hearings. In *People* v. *Dudley* (1912), 173 Mich 389, it was held that because revocation of proba-

tion is not a criminal prosecution, the constitutional guarantee of right to counsel is not applicable. A recent holding by the seventh circuit court of appeals in the case of *Brown* v. *Warden, U. S. Penitentiary* (CA 7, 1965), 351 F2d 564, decided October 7, 1965, reiterated that Federal probationers do not have a right to court-appointed counsel in revocation proceedings. The court there stated:

"Recent decisions concerning the rights of parolees on revocation proceedings serve to emphasize the distinction between penological devices under legislative mandate, such as probation or parole where the guilt and liability to punishment of the offender are no longer in issue, and the initial criminal prosecution where these matters were determined. [Citing cases.] It appears clearly from these decisions that the Federal constitutional rights of an accused in a criminal prosecution and the rights of an offender in proceedings on revocation of conditional liberty under parole or probation are not coextensive." ,

The Michigan Supreme Court in *People* v. *Marks* (1954), 340 Mich 495, 500, held specifically: "The Michigan act in its terms is similar to the Federal probation act (Chap 521, 43 Stat 1259. Revised in 1948, 62 Stat 842 [18 USCA, §§ 3651–3656])." This, we believe, answers on point the defendant's contention concerning right to appointed counsel and adequately demonstrates that, as yet, no such guaranteed right exists.

Defendant's remaining contentions require examination of two mandates found in the statute previously quoted, *supra*. The words "provided, however, that the probationer shall be entitled to a written copy of the charges against him which constitute the claim that he violated his probation and shall be entitled to a hearing thereon," make it clear that while the legislature granted wide latitude to

the trial court in the conduct of these proceedings, it also set minimum requirements demanding strict compliance. If a probation revocation is to be valid, the record must demonstrate that the probationer was furnished with a written copy of the charges against him and that a hearing was had on these charges which satisfies the requirements of the legal meaning imparted to the word "hearing".

The record in this case does not satisfy us that the requirement of furnishing a written copy of the charges was met. Rough approximation in the face of such a statutory requirement will not suffice. The requirement is not met by a reading of the charges to the probationer when he is standing before the court during a hearing or at some other time. *In re Rudnik* (1952), 333 Mich 216, and *In re McLeod* (1957), 348 Mich 434, are illustrative of the particularity with which the Supreme Court has dealt with the matter of service of a statement of the charges.

The explanation of the trial court's rejection of the defendant's motion to set aside the revocation based on failure to furnish the required written copy of the charges is illustrated by the following quotation:

"I think that Mr. Wood was sufficiently advised of the charges here that would be tantamount to having been served with these charges if he was not. There is some indication that he was served. I think he was fully advised of these charges sufficient to comply with the requirements of notice. That is the reason for service of notice."

Nor is the defect cured by the filing of the document previously described at a time three days after the hearing in which an order was entered denying defendant's motion to set aside the order revoking his probation. At no time during the proceedings was this "proof of service" on file, hence, at no time

during the proceedings was there an opportunity to challenge its accuracy or validity.

Defendant's remaining contention, which goes to the sufficiency of the revocation hearing, should also be noted. The "hearing" contemplated by the statute includes affording the probationer the opportunity to produce witnesses in his behalf. *In re Bobowski* (1946), 313 Mich 521.

In the instant case, the record yields examples of the defendant having material to present at the hearing, but not being afforded the opportunity to present it. When asked why he was found near his ex-wife's home with a shotgun in the car, he explained that he had intended to take his son rabbit hunting but had been arrested and the gun found, professing not to know that the gun was in the car. The following statement shows that a material witness for the defendant might have been produced had the opportunity been afforded him:

"*The Witness:* During deer season last year my son used my car and shotgun, took it deer hunting, and evidently loaded it; I don't know. We were supposed to be going rabbit hunting that morning. I parked about a block away where I could see when the lights came on. The first thing I know the State Police pulled up, had me out of the car, had me put my hands on the roof and said that they had a report that I had a pistol. I told them to go ahead and search me. That's when they found the shotgun.

"*The Court:* You didn't know it was there?

"*The Witness:* I didn't know. My boy said he would come down to explain to the probation officer: I don't know if he did or not."

On the record before us it cannot be said that defendant was offered the opportunity to produce any witnesses that he might have had in his behalf, nor can it be said that he waived the right to a hearing granted to him by the statute.

The order revoking the probation is set aside, the sentence vacated, and petitioner is remanded to the custody of the court without prejudice on the part of the trial court where a proper hearing is ordered after defendant is given a written copy of the probation violation charges that he is required to meet.

McGREGOR, P. J., and T. G. KAVANAGH, J., concurred.