SAUNDERS v. DEPARTMENT OF CORRECTIONS, PAROLE BOARD

CRIMINAL LAW—PAROLE—REVOCATION—REPRESENTATION BY COUNSEL. Indigent criminal defendant *held,* not to have a right to be represented by assigned counsel at public expense in proceedings before the parole board to revoke his parole (CLS 1961, § 791.240).

Original action for superintending control in the Court of Appeals. Submitted Division 2 March 12, 1968, at Lansing. (Docket No. 3,171.) Decided December 23, 1968. Leave to appeal denied April 22, 1969. See 381 Mich 818.

Complaint for superintending control by Joseph Saunders against the Michigan Parole Board to compel reinstatement of his parole. Order of superintending control denied.

---

REFERENCE FOR POINTS IN HEADNOTE
39 Am Jur, Pardon, Reprieve, and Amnesty § 95.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for the people.

*Charles W. White,* for defendant on appeal.

*Norton J. Cohen,* for Amicus Curiae, American Civil Liberties Union.

HOLBROOK, J.   Plaintiff, Joseph Saunders, has brought this action for superintending control, an original proceeding, seeking reinstatement of parole.

Parole was granted on June 22, 1964, to plaintiff, who was serving a life sentence. On October 21, 1964, he was returned to prison as a parole violator. A formal hearing on the parole violation charges was held on December 10, 1964, at which time plaintiff, an indigent person, requested the assignment of counsel. Plaintiff's request was denied, although he was informed that he could have counsel at his own expense. Without the assistance of counsel, the plaintiff was found guilty of parole violation on January 5, 1965.

The issue presented for review is: Does an indigent person have a right to counsel at public expense in proceeding to revoke his parole?

CLS 1961, § 791.240 (Stat Ann 1954 Rev § 28.2310) gives the statutory authority under which parole violation hearings are held. It provides in part:

"Whenever a paroled prisoner is accused of a violation of his parole   *   *   *   he shall be entitled to a fair and impartial hearing of such charges.   *   *   *   *Upon such hearing such paroled prisoner shall be allowed to be heard by counsel of his own choice, at his own expense, and may defend himself.*" (Emphasis supplied.)

The facts of this case differ materially from those in the cases of *People* v. *Wood* (1966), 2 Mich App 342 and *Mempa* v. *Rhay* (1967), 389 US 128 (88 S Ct 254, 19 L Ed 2d 336). Those cases dealt with *revocation of probation before sentencing* while the case at hand concerns *revocation of parole after sentencing.* See *Rose* v. *Haskins* (CA 6, 1968), 388 F2d 91, 97.

67 CJS, Pardons, § 23(c), pp 619, 620 states:

"The right to be represented by counsel [at a parole revocation hearing], if the prisoner desires to be so represented, is statutory and not constitutional or in accordance with judicial decisions on the question, jurisdictional; and the prisoner is not entitled to have counsel assigned to represent him."

Plaintiff herein appeared before an administrative board under a statutory procedure. Parole revocation proceedings are not "judicial proceedings" requiring counsel under due process. *Jones* v. *Rivers* (CA 4, 1964) 338 F2d 862; *Rose* v. *Haskins, supra; Wingo* v. *Lyons* (Ky 1968), 432 SW2d 821.

The American Civil Liberties Union has filed an *amicus curiae* brief. Therein an additional issue is raised relating to equal protection of law. The contention is made that there is a denial of equal protection of law resulting in unconstitutionality because a non-indigent individual charged with parole violation may have counsel while an indigent individual may not.

We find it unnecessary to consider this issue raised on its merits. Whether this Court held such portion of the statute constitutional or unconstitutional would afford no relief to plaintiff. See *Lawson* v. *Coiner* (ND W Va, 1968), 291 F Supp 79, 82, 83.

Denied.

QUINN, P. J. and VANDER WAL, J., concurred.