PEOPLE *v.* SPRINGER

1. CRIMINAL LAW—DUE PROCESS—RIGHT TO ASSISTANCE OF COUNSEL
—WAIVER.

    Defendant's contention that he did not intelligently and completely waive his right to be assisted by counsel when he pled guilty to larceny, *held,* invalid where record indicates that defendant did intelligently and completely waive counsel when the court gave him a second chance to reconsider the matter.

2. CRIMINAL LAW—NOTICE OF CHARGE—PROBATION VIOLATION.

    Accused probation violators must be served with written notice of the charge (CL 1948, § 771.4).

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 3 May 7, 1969, at Grand Rapids. (Docket No. 5,715.) Decided May 27, 1969.

John Springer pled guilty of larceny and was placed on two years' probation. Probation was later revoked and defendant sentenced to prison. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Dennis L. McCune,* Assistant Prosecuting Attorney, for the people.

*Thompson Bennett,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 316, 317.
[2] 21 Am Jur 2d, Criminal Law § 568.
Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

BEFORE: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

PER CURIAM. On January 16, 1967, defendant John Springer, without the assistance of counsel, entered a plea of guilty to a charge of larceny of an amount in excess of $100 in violation of CLS 1961 § 750.356 (Stat Ann 1969 Cum Supp § 28.588). He was convicted and sentenced to 2 years' probation with the first 60 days in the county jail. On October 23, 1967, defendant was again convicted, on a plea of guilty, of larceny. On the same day notice of probation violation charges was served on defendant and a hearing was held regarding said alleged violation; *i.e.,* the larceny. Defendant pled guilty to violation of probation and on October 24, 1967, his probation was revoked and he was sentenced to serve 2–1/2 to 5 years.

Defendant appeals, alleging he did not intelligently and competently waive his right to counsel during the January 16, 1967, proceedings. He also alleges the *transcript* of the October 23, 1967 hearings, regarding his alleged probation violation, does not clearly indicate he received written notice of the charges of probation violation required under CL 1948, § 771.4 (Stat Ann 1954 Rev § 28.1134).

A complete examination of the transcript of the January 16, 1967, proceeding reveals defendant did *intelligently* and *competently* waive counsel. Later in the same proceeding the trial judge provided the accused with a second opportunity to reconsider his wishes, yet he again waived counsel. See *People* v. *Dunn* (1968), 380 Mich 693.

An examination of the court record indicates defendant was served with a notice of the alleged charges of probation violation in compliance with

CL 1948, § 771.4 (Stat Ann 1954 Rev § 28.1134). The test is whether the alleged probation violator was served with written notice and the record indicates there was such service.

Affirmed.