### PEOPLE *v.* MARTINEZ

1. CRIMINAL LAW—PROBATION—VIOLATION—HEARING—STATUTE.
   A probationer charged with violation of his probation is entitled, by statute, to a written copy of the charges against him and a hearing on the charges (MCLA § 771.4).

2. CRIMINAL LAW—PROBATION—VIOLATION—PLEA OF GUILTY—HEARING.
   Defendant's plea of guilty to a charge of violation of probation, after he was served with written notice of the charge declined to offer witnesses or to explain or deny the charges, but pleaded guilty to the violation, constitutes a waiver of any right to an evidentiary hearing (MCLA § 771.4).

3. CRIMINAL LAW—PROBATION—PLEA OF GUILTY—REVOCATION.
   Revocation of probation where the probationer had violated the terms of his probation once before and pled guilty to the present violation was not an abuse of discretion where these and other factors in the record were sufficient to indicate that revocation was in the public interest (MCLA § 771.4).

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 November 5, 1969, at Detroit. (Docket No. 5,119.) Decided December 3, 1969.

Joseph Martinez was convicted, on his plea of guilty, of breaking and entering a business place with intent to commit larceny and was placed on

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 367, 368.
Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

probation. Probation revoked and defendant sentenced. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Lawrence MacDonald,* for defendant on appeal.

Before: Lesinski, C. J., and Holbrook and Quinn, JJ.

Holbrook, J. The defendant was one of three charged with the crime of breaking and entering a business place with intent to commit larceny.[1] With his counsel present he pled guilty to attempted breaking and entering a business place with intent to commit larceny,[2] in recorder's court for the city of Detroit. On July 6, 1967, he was placed on two years' probation with the usual terms, and required to pay $250 court costs. The trial court record shows that defendant was in court on December 27, 1967, in response to a warrant for violation of probation because he had been found guilty of the crime of assault and battery on November 18, 1967, in the recorder's court for the city of Detroit. The court found defendant in violation of probation but continued his probation. Defendant, on the assault and battery charge, was placed on probation for one year and required to serve ten weekends in the Wayne County Jail.

On the morning of January 31, 1968, it came to the attention of the police that defendant was on

[1] MCLA § 750.110 (Stat Ann 1965 Cum Supp § 28.305).
[2] MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

the streets between 2 and 2:15 a.m., in violation of his terms of probation. A notice of probation violation was issued on January 31, with a warrant issuing February 1, 1968, and a hearing on the probation violation taking place the same day. Defendant's counsel was present at the hearing. Defendant, through his counsel, pled guilty to the violation of probation. The record discloses the following:

"*Q.* Mr. Martinez, you are here for a hearing on violation of probation.

"You pled guilty to attempted breaking and entering a business place with intent to commit larceny and were placed on probation for two years. You had the usual conditions of probation, and in addition $250 costs.

"I have signed your notice of probation violation alleging that you have failed to keep reasonable hours, that you were on the streets at 2 a.m., January 31, 1968.

"Secondly, you have paid nothing on the costs.

"Have you been served with a written notice of the notice of probation violation?

"*A.* Yes, sir.

"*Q.* Are there any witnesses you wish to produce at this hearing on your own behalf?

"*A.* No, sir.

"*The Court:* How do you plead to violation of probation?

"*Mr. Pliskow:* We offer a plea of guilty to violation of probation.

"*Q.* You were in here once before and pled guilty. You were found guilty of assault and battery in December and placed on one year's probation and served ten weekends in jail.

"*A.* Yes."

Defendant's probation order was then revoked and he was sentenced to prison for a term of 4-1/2 to 5 years.

There is only one issue raised on appeal by defendant, which we restate as follows: Was defendant accorded a fair hearing on his revocation of probation proceedings? The requirements of a fair hearing are stated in MCLA § 771.4 (Stat Ann 1954 Rev § 28.1134), as follows:

"It is the intent of the legislature that the granting of probation to one convicted shall be a matter of grace conferring no vested right to its continuance, if, during the period of probation it shall appear to the satisfaction of the sentencing court that the probationer is likely again to engage in an offensive or criminal course of conduct, or that the public good requires revocation or termination of probation previously granted. All probation orders, therefore, shall be revocable or terminable in any manner which the court which imposed probation shall deem applicable, either for any violation, or attempted violation of any condition of probation, or for any other type of antisocial conduct or action on the part of the probationer which shall satisfy such court that revocation is proper in the public interest. Hearings on such revocation shall be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials. The court may, in its probation order or by general rule, provide for the apprehension, detention and confinement of any probationer accused of violation of any of the conditions of probation or of conduct inconsistent with the public good. The method of hearing and presentation of charges accorded shall lie entirely within the discretion of the court which granted probation: Provided however, That the probationer shall be entitled to a written copy of the charges against him which constitute the claim that he violated his probation, and shall be entitled to a hearing thereon. Said court is hereby empowered to make such investigation and such disposition of probationer thereafter as such court may determine

shall best serve the interests of the public. In case such probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made."

By this act the legislature has spelled out what is required of the court in a probation violation proceeding, *viz.:* that the probationer shall be entitled to a written copy of the charges against him and shall be entitled to a hearing thereof.

The defendant herein was served with a written copy of the charges against him and was offered the right to offer witnesses and to deny the charges. Instead he chose to plead guilty to violation of probation and thereby waived any right to an evidentiary hearing.

Present counsel for defendant cites several cases purportedly applicable that he claims indicate error in these proceedings. We deem that: *People* v. *Wood* (1965), 2 Mich App 342, is not analogous, for therein the defendant was not served with a copy of the charges, nor was he afforded an opportunity to produce witnesses at the contested hearing; *People* v. *Myers* (1943), 306 Mich 100, which held that proof of the violation must be presented before the court could determine that there had been a violation, is inapplicable because Myers *denied* the violation whereas here defendant *admitted* the violation; *Fleenor* v. *Hammond* (CA6, 1941), 116 F2d 982, authority for the rule that due process requires that a reasonable opportunity be given the probationer to explain away the accusation that he has violated the terms of probation, is not applicable because in the instant case the record shows that defendant was given this opportunity but declined the right by pleading guilty; *In re Bobowski* (1946),

313 Mich 521, is inapplicable because there defendant denied the violation and was not permitted to present his case on the contested issue; and *Escoe* v. *Zerbst* (1935), 295 US 490 (55 S Ct 818, 79 L Ed 1566), is inapplicable for there the defendant was not offered *any hearing*.

We find no inconsistency in the proceedings pursued in the instant case with the rules stated in the cases cited by defendant.

The defendant has not asserted at any time to the trial court that he was not guilty of the violation of his probationary terms as charged. He has also failed to show any facts that would indicate he was not granted a fair hearing on the revocation proceeding or that his plea of guilty of the violation of probation was improperly made or accepted by the court.

The trial court under the applicable statute was empowered to terminate the probation based upon violation of the probation orders for any type of antisocial conduct when the court is satisfied that revocation would be in the public interest. In the order of revocation, the trial court noted that the probationer had violated his probation orders once before and that he had pled guilty to the present violation. These and other factors contained in the record convince the Court that it was in the public interest to revoke probation. This determination was within the court's discretion and we find no abuse of such discretion.

Affirmed.

All concurred.