PEOPLE v DONALD MOORE

1. CRIMINAL LAW—PROBATION—VIOLATION OF PROBATION—APPEAL.

An appeal as of right following a determination of probation violation and sentence is limited to those matters relating to the probation violation and the hearing thereon and is not available as to matters concerning the original conviction for which probation was imposed.

2. CRIMINAL LAW—PROBATION—PROBATION HEARING—NOTICE—RIGHT TO PRODUCE WITNESSES.

A defendant's claim that he was not given a written copy of the charges of probation violation against him and was not informed of his right to produce witnesses in his behalf is without merit where the record indicates that two days before he pled guilty to violating his probation, he was served with a copy of a notice of the violation of probation, and that at the hearing he was represented by counsel and was adequately informed of his right to present a defense to the charge.

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted Division 1 June 25, 1974, at Detroit. (Docket No. 17633.) Decided August 15, 1974.

Donald Moore was convicted, on his plea of guilty, of a violation of probation. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Pardon and Parole § 34 *et seq.*
[2] 59 Am Jur 2d, Pardon and Parole §§ 92, 95, 97.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Lewis, White, Lee, Clay & Graves, P. C.,* for defendant on appeal.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

PER CURIAM. On February 20, 1970 defendant pled guilty to assault with intent to rob being armed, MCLA 750.89; MSA 28.284, and he was sentenced to five years probation. On January 16, 1973, defendant was convicted of larceny, MCLA 750.356; MSA 28.588. A probation revocation hearing was held on March 12, 1973. Defendant pled guilty to violation of probation and he was sentenced to three to ten years in prison. Defendant filed a claim of appeal from the judgment and sentence of March 12, 1973.

Defendant raises three issues, two of which concern allegations of error in the original guilty plea proceeding. Those two issues are not properly before this Court. The Michigan Supreme Court has recently decided in *People v Pickett,* 391 Mich 305, 316; 215 NW2d 695, 701 (1974):

"that an appeal as of right is available either after conviction and imposition of probation or after determination of probation violation and prison sentence."

However, the scope of the second appeal is limited in that

"the appeal as of right following determination of probation violation and sentence must necessarily be lim-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ited to those matters relating to the probation violation and the hearing thereon."

Therefore, those matters concerning the guilty plea proceeding are not appealable as of right at this time. GCR 1963, 803.1.

The third issue raised by the defendant involves matters relating to the probation violation hearing and is, therefore, appealable as of right under the holding of *Pickett, supra.*

Defendant argues that at the probation revocation hearing he was not given a written copy of the charges against him, and that he was not informed of his right to produce witnesses in his behalf. This argument is not factually supportable. Although the hearing transcript does not refer to the written charge, the lower court record indicates that on March 9, 1973, two days before he pled guilty to violating his probation, defendant was served with a copy of a notice of violation of probation. *People v Springer,* 17 Mich App 406; 169 NW2d 507 (1969). The record also discloses that during the hearing, at which he was represented by counsel, defendant was adequately informed of his right to present a defense to the charge.

Affirmed.