PEOPLE v LEROY JACKSON, JR.

1. CRIMINAL LAW—PAROLE REVOCATION—PROBATION REVOCATION—
   PRELIMINARY HEARING—STATUTES—CASE PRECEDENT—PRACTI-
   CAL DIFFICULTIES—OTHER SOLUTIONS.

   A parolee or probationer faced with termination of parole or
   probation is entitled to a preliminary hearing and a final
   revocation hearing with certain due process requirements
   where (1) there is no statute or case law requiring a hearing
   prior to revocation, (2) the revocation hearing is conducted by
   an administrative agency, (3) a substantial time lag exists
   between the arrest and the determination to revoke parole or
   probation, and (4) the parolee or probationer is arrested at a
   place distant from the state institution to which he was re-
   turned before a final decision on termination is made, but such
   procedures do not foreclose the states from holding both the
   preliminary hearing and the final hearing at the place of
   violation or from developing other creative solutions to the
   practical difficulties of the requirements.

2. CRIMINAL LAW—PROBATION REVOCATION—JUDICIAL WARRANT—
   PROBABLE CAUSE—REVOCATION HEARING—DUE PROCESS—FED-
   ERAL STANDARDS—EQUALITY—CASE PRECEDENT.

   The judicial warrant procedure employed by the state for revoca-
   tion of probation, which requires that a probation officer file
   with the court a petition alleging a probation violation and a
   judicial determination of whether probable cause exists to
   believe that the probationer has violated one or more of the
   conditions of probation before a bench warrant is issued for the
   probationer's arrest, when coupled with the strict due process
   requirements which must be met at the subsequent revocation
   hearing, is constitutionally equal or superior to the preliminary
   "minimal inquiry" hearing and final revocation hearing proce-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 567, 568.

59 Am Jur 2d, Pardon and Parole § 90 *et seq.*

Right to notice and hearing before revocation of suspension of
sentence, parole, conditional pardon, or probation. 29 ALR2d
1074.

dure guidelines set forth by the Federal Supreme Court for probation revocation.

Appeal from Berrien, William S. White, J. Submitted May 6, 1975, at Grand Rapids. (Docket No. 20629.) Decided August 12, 1975.

Leroy Jackson, Jr. was convicted of delivery of cocaine and placed on probation. From an order finding defendant guilty of violation of the terms of probation and revoking the probation, defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Patrick C. Murphy,* Assistant Prosecuting Attorney, for the people.

*Francis Zebot,* Assistant State Appellate Defender, for defendant.

Before: R. B. BURNS, P. J., and BASHARA and M. J. KELLY, JJ.

BASHARA, J. Defendant was convicted of delivery of cocaine[1] on August 6, 1973, and was sentenced to 2 years on probation. On December 7, 1973, defendant's probation officer, Mr. Love, petitioned for a bench warrant for the arrest of the defendant to show cause why probation should not be revoked. The petition alleged:

"1st. That he has violated the First Condition of probation by being apprehended by Niles Police Officer Carl Lowell in the act of Breaking and Entering * * * on the 6th day of December 1973; which charge is pending.

"2nd. That he has violated the Sixth Condition of

---

[1] MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b).

probation by associating with Jeffery Lee Finley on 12-6-73, a person having a criminal arrest record."

On December 10, 1973, a revocation hearing was held. The proceeding was opened by the reading of the above quoted petition. Love then asked defendant if he was Leroy Jackson and if he received a copy of the charges. Defendant responded affirmatively to both questions. Love asked no other question and presented no other evidence. The trial judge conducted the remainder of the hearing.

The trial judge asked the defendant if he wished to present an explanation or a defense to the charges. He informed the defendant that he was entitled to representation by counsel and if he could not afford counsel, one would be appointed at public expense. He further informed the defendant that in the alternative he could represent himself. The defendant refused counsel explaining to the court that if given an opportunity he could "half way straighten this [matter] out".

The court asked the defendant to explain the arrest for breaking and entering. The defendant testified that he was not involved in the incident, but admitted at the time of his arrest that he was with Jeff Finley. The defendant admitted that he was aware that Finley had a prior arrest record. However, defendant testified that he was under the mistaken belief that his probation prohibited only association with convicted individuals and not arrested individuals.

The trial judge refused to find a violation of the first condition pending a final disposition of the matter. On the sixth condition the trial judge determined that the defendant's probation prohibited association with individuals with known arrest records, and that the defendant knew the

difference between an "arrest" and a "conviction".
Accordingly, the defendant was found in violation
of the sixth condition of probation and his proba-
tion was revoked.

Defendant raises four issues on appeal, of those
raised only two necessitate discussion.[2] They are:
(1) does the failure to afford a defendant a prelimi-
nary hearing on his probation violation mandate
an automatic reversal, and (2) did the defendant
knowingly and intelligently waive his right to
counsel.

The United States Supreme Court in *Morrissey
v Brewer,* 408 US 471, 92 S Ct 2593; 33 L Ed 2d
484 (1972), held that a parolee faced with termina-
tion of parole is entitled to a preliminary hearing
and a final revocation hearing with certain due
process requirements[3] where (1) there was no stat-
ute or case law requiring a hearing prior to revo-

---

[2] Defendant's contentions that he should have received credit for
time successfully served on probation were expressly rejected by our
Court in *People v Lacy,* 54 Mich App 471; 221 NW2d 199 (1974). We
are in total accord with Judge ALLEN's opinion in *People v Lacy,
supra,* and decline to further discuss the issues.

[3] Preliminary Hearing requirements:

a) Hearing before independent administrative officer;

b) Notice of hearing, charges, and purpose of the hearing prior to
the hearing;

c) Right to present evidence by probationer;

d) Right to confront and cross-examine adverse witnesses by proba-
tioner (unless hearing officer determines that informant would be
subject to risk of harm if his identity was disclosed);

e) Summary of hearing;

f) Decision maker's statements of reasons for finding probable
cause.

Final Revocation Hearing requirements:

a) Written notice of claimed violations;

b) Disclosure to probationer of evidence against him;

c) Opportunity by probationer to be heard and present evidence;

d) Opportunity by probationer to confront and cross-examine ad-
verse witnesses (unless hearing officer determines that informant
would be subject to risk of harm if his identity was disclosed);

e) A neutral detached tribunal which need not be trained in law;

f) A written statement by factfinders as to evidence relied on and
reasons for revocation.

cation,[4] (2) the revocation hearing was conducted by an administrative agency,[5] (3) a substantial time lag existed between the arrest and the determination to revoke parole,[6] and (4) the parolee was arrested at a place distant from the state institution to which he was returned before a final decision on termination was made. In *Gagnon v Scarpelli,* 411 US 778, 93 S Ct 1756; 36 L Ed 2d 656 (1973), the United States Supreme Court perceived little difference between parole and probation revocation proceedings and extended the *Morrissey* due process requirements to probation revocation proceedings.

It is clear that the revocation procedures set out by the United States Supreme Court in *Morrissey* and *Gagnon, supra,* were not intended "to create an inflexible structure" for revocation procedures. *Morrissey v Brewer, supra,* 408 US at 490; 92 S Ct at 2604; 33 L Ed 2d at 499. Nor were such procedures intended "to foreclose the states from holding both the preliminary hearing and the final hearing at the place of violation or from developing other creative solutions to the practical difficulties of the *Morrissey* requirements". *Gagnon v Scarpelli, supra,* 411 US at 782, fn 5. In line with this reasoning a number of jurisdictions have held that there are certain situations where a preliminary hearing need not be conducted.[7]

---

[4] Although this rationale was used in determining the requirements for parole revocation, it was also the basis for determination of the requirements in probation revocation in *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973). MCLA 771.4; MSA 28.1134, provides for a hearing before revocation of probation.

[5] *Ibid.* MCLA 771.4; MSA 28.1134, provides for a revocation hearing by a judge.

[6] *Ibid.* 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 781, p 1005, in interpreting the procedure under MCLA 771.4; MSA 28.1134 states that once the probationer is apprehended, he must be brought before the court at the "earliest opportunity".

[7] Preliminary revocation hearings have not been required where

The Michigan procedure is distinguishable from the procedures attacked in *Morrissey* and *Gagnon, supra,* which require the "minimal inquiry" preliminary hearing requirement. 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 791, p 1005 discussed the Michigan procedure for revocation of probation pursuant to MCLA 771.4; MSA 28.1134.[8] Under this procedure a probation officer

the probationer or parolee has been convicted of a new crime. *In re Law,* 10 Cal 3d 21; 109 Cal Rptr 573; 513 P2d 621 (1973), *In re Edge,* 33 Cal App 3d 149; 108 Cal Rptr 757 (1973). Preliminary revocation hearings have not been required where there is a preliminary examination on a new crime and it serves a dual purpose of determining probable cause for the commission of the crime and the violation of probation or parole. *People v Buford,* 42 Cal App 3d 975; 117 Cal Rptr 333 (1974). No preliminary revocation hearing is required where probationer or parolee has admitted violation of his terms of probation or parole. *In re La Croix,* 12 Cal 3d 146; 115 Cal Rptr 344; 524 P2d 816 (1974), *Gardner v Collier,* 274 So 2d 662 (Miss, 1973). No preliminary revocation is required where there is no prejudice shown to the probationer or parolee. *State v Morales,* 120 NJ Super 197; 293 A2d 672 (1972), *cert den* 62 NJ 77; 299 A2d 75 (1972), *Lambur v Chew,* 356 F Supp 751 (ED Va, 1973).

[8] Sec 4. "It is the intent of the legislature that the granting of probation to one convicted shall be a matter of grace conferring no vested right to its continuance, if, during the period of probation it shall appear to the satisfaction of the sentencing court that the probationer is likely again to engage in an offensive or criminal course of conduct, or that the public good requires revocation or termination of probation previously granted. All probation orders, therefore, shall be revocable or terminable in any manner which the court which imposed probation shall deem applicable, either for any violation, or attempted violation of any condition of probation, or for any other type of antisocial conduct or action on the part of the probationer which shall satisfy such court that revocation is proper in the public interest. Hearings on such revocation shall be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials. The court may, in its probation order or by general rule, provide for the apprehension, detention and confinement of any probationer accused of violation of any of the conditions of probation or of conduct inconsistent with the public good. The method of hearing and presentation of charges accorded shall lie entirely within the discretion of the court which granted probation: Provided however, That the probationer shall be entitled to written copy of the charges against him which constitute the claim that he violated his probation, and shall be entitled to a hearing thereon. Said court is hereby empowered to make such investigation and such disposition of probationer thereafter as such court may determine shall best serve the interests of the public. In case such probation

files a petition with the court alleging a probation violation. If the probationer is not in custody, the judge determines whether probable cause exists to believe that the probationer has violated one or more of the conditions of probation. In the event probable cause exists a bench warrant is issued for the probationer's arrest. Upon apprehension the probationer is brought before the court at the "earliest opportunity". A similar judicial warrant procedure has been held to satisfy the preliminary hearing requirements of *Morrissey* and *Gagnon, supra. Singletary v State,* 290 So 2d 116 (Fla App, 1974).

In conjunction with a preliminary determination of probable cause, Michigan requires a revocation hearing which far exceeds the minimal due process requirements set forth in *Morrissey* and *Gagnon, supra.* In Michigan the probationer must be served with written notice of the charges against him prior to the hearing. *In re McLeod,* 348 Mich 434; 83 NW2d 340 (1957), *People v Wood,* 2 Mich App 342; 139 NW2d 895 (1966). At the hearing the probationer is entitled to produce witnesses and evidence as well as to cross-examine and confront witnesses. *In re Bobowski,* 313 Mich 521; 21 NW2d 838 (1946). The state must present proof of violation of the charges. *People v Myers,* 306 Mich 100; 10 NW2d 323 (1943). Evidence of the charge is the only factor to be considered in determining whether to revoke probation. *People v Sutton,* 322 Mich 104; 33 NW2d 681 (1948), *People v Elbert,* 21 Mich App 677; 176 NW2d 467 (1970). There must be a record of the hearing that demonstrates the due process requirements have been satisfied. *People v Wood, supra.* If the probationer desires, he is

order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made."

entitled to representation by counsel. *People v Kitley,* 59 Mich App 71; 228 NW2d 834 (1975), *People v Hazen,* 19 Mich App 576; 172 NW2d 860 (1969), *People v Brown,* 17 Mich App 396; 169 NW2d 522 (1969), *People v Marshall,* 16 Mich App 578; 168 NW2d 480 (1969). The probationer is entitled to an appeal as of right following determination of a probation violation on those matters relating to the probation violation and the hearing thereon. *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), *People v Donald Moore,* 55 Mich App 139; 222 NW2d 64 (1974).

We believe that this alternative procedure does not violate *Gagnon* or *Morrissey.* "Although *Gagnon* and *Morrissey* 'mandate' two hearings—preliminary and final—those decisions dealt with administrative revocations of parole or probation. We deal here rather with judicial revocation of probation where procedures and processes differ and where a decision is made by the repository of 'due process'—the courts." *Moore v Stamps,* 507 SW2d 939, 951 (Mo App, 1974). We hold that Michigan's judicial warrant procedure coupled with the strict due process requirements of the revocation hearing is constitutionally equal or superior to the preliminary "minimal inquiry" hearing and final revocation hearing procedure required by *Morrissey* and *Gagnon.*

Our next consideration is whether the defendant knowingly and intelligently waived his right to counsel. The record discloses the defendant refused counsel after the trial judge clearly advised him of his right to counsel, either retained or appointed.

Affirmed.