PEOPLE v. WALKER

CRIMINAL LAW—PROBATION—REVOCATION—PROCEDURE—JURY TRIAL.
There is no right to a jury trial at a hearing on revocation of
probation (CL 1948, § 771.4).

Appeal from Recorder's Court of Detroit, Joseph
E. Maher, J. Submitted Division 1 November 15,
1968, at Detroit. (Docket No. 5,258.) Decided April
22, 1969. Rehearing denied May 27, 1969.

William James Walker was convicted, on his plea
of guilty, of unarmed robbery, and placed on proba-
tion. Defendant's probation was subsequently re-
voked. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert `A.
Derengoski*, Solicitor General, *William L. Cahalan*,
Prosecuting Attorney, *Samuel J. Torina*, Chief Ap-
pellate Lawyer, and *Thomas P. Smith*, Assistant
Prosecuting Attorney, for the people.

*Harold M. Ryan*, for defendant on appeal.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and
W. J. BEER,* JJ.

* Circuit Judge, sitting on the Court of Appeals by assignment.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 567, 568.
Right to notice and hearing before revocation of suspension of
sentence, parole, conditional pardon, or probation. 29 ALR2d
1074.

Per Curiam. Defendant was sentenced to state prison as a violator of the terms of his probation. On appeal, he contends he had neither notice of the charges nor time to prepare his defense before the hearing. However, the record is to the contrary. Defendant even acknowledged in writing receipt of the warrant containing charges of probation violation. That such receipt was on file in the probation department records instead of the court file is unimportant.

Defendant also claims he did not have a full hearing with the benefit of counsel. Again, the record refutes this assertion. We have examined the record and are convinced that defendant had counsel, had time to prepare, and had a full hearing. The judge conducting the hearing concluded that defendant was a probation violator and we cannot say that the finding was erroneous.

Lastly, defendant claims a right to a jury trial at the probation hearing. No such right is conferred on an alleged probation violator under the appropriate Michigan statute (CL 1948, § 771.4 [Stat Ann 1954 Rev § 28.1134]):

"Sec. 4. It is the intent of the legislature that the granting of probation to one convicted shall be a matter of grace conferring no vested right to its continuance, if, during the period of probation it shall appear to the satisfaction of the sentencing court that the probationer is likely again to engage in an offensive or criminal course of conduct, or that the public good requires revocation or termination of probation previously granted. All probation orders, therefore, shall be revocable or terminable in any manner which the court which imposed probation shall deem applicable, either for any violation, or attempted violation of any condition of probation, or for any other type of antisocial conduct or action on the part of the probationer which shall satisfy

such court that revocation is proper in the public interest. Hearings on such revocation shall be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials. The court may, in its probation order or by general rule, provide for the apprehension, detention and confinement of any probationer accused of violation of any of the conditions of probation or of conduct inconsistent with the public good. The method of hearing and presentation of charges accorded shall lie entirely within the discretion of the court which granted probation: Provided however, That the probationer shall be entitled to a written copy of the charges against him which constitute the claim that he violated his probation, and shall be entitled to a hearing thereon. Said court is hereby empowered to make such investigation and such disposition of probationer thereafter as such court may determine shall best serve the interests of the public. In case such probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made."

We find no error in the proceedings revoking the probation of defendant. Affirmed.