PEOPLE v GLADDIS

1. CONSTITUTIONAL LAW—CRIMINAL LAW—DUE PROCESS—PROBATION
   REVOCATION—PROBABLE CAUSE—SINGLE REVOCATION HEARING
   —TIME.

   Due process of law requires that a preliminary hearing be held to
   determine whether there is probable cause to believe that a
   probation violation has occurred before a defendant's probation
   may be revoked, but there is no requirement for a preliminary
   hearing to determine whether there was probable cause to
   believe that a probation violation had occurred if a hearing on
   revocation of probation is held sufficiently close in time to the
   notice of probation violation.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—DUE PROCESS—PROBATION
   REVOCATION—PROBABLE CAUSE HEARINGS—PREJUDICE—FAIR-
   NESS.

   A defendant incarcerated for probation violation is not entitled to
   relief for the failure of the state to hold a preliminary hearing
   to determine probable cause to believe that a probation viola-
   tion had occurred unless he was prejudiced thereby; due proc-
   ess requires only that no unfairness result from the denial of a
   prerevocation hearing.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—DUE PROCESS—PROBATION
   REVOCATION—FUNDAMENTAL FAIRNESS—TRIAL BY JURY.

   Due process requires only that probation revocation proceedings
   be conducted in a fundamentally fair manner; the full range of
   due process rights associated with criminal trials, such as trial
   by jury, does not apply to such proceedings.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted June 14, 1977, at Detroit.
(Docket No. 29992.) Decided July 19, 1977.

William A. Gladdis was convicted, on his plea of

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 568.

guilty, of attempt to carry a weapon in a motor vehicle and placed on probation. From an order finding defendant guilty of violation of the probation, defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant.

Before: R. M. MAHER, P. J., and N. J. KAUFMAN and F. J. BORCHARD,* JJ.

PER CURIAM. On March 24, 1975, defendant pled guilty in Detroit Recorder's Court to attempt to carry a pistol in a motor vehicle and was sentenced to 2 years on probation. On March 25, 1976, defendant was bound over for trial in Detroit Recorder's Court on two charges of delivery of heroin. He waived preliminary examination on a third such charge. On April 14, 1976, a notice of probation violation was filed and on April 16, 1976, a warrant for the violation was issued.

Defendant was arraigned on the probation violation warrant on May 17, 1976, bond was set at $10,000 and a hearing scheduled for May 20, 1976. On May 20, 1976, the hearing was adjourned at the prosecutor's request, until July 20, 1976, because the complaining witness, a state police officer, was in the hospital in a body cast as the result of an accident and was unable to testify. Throughout this time, defendant remained incarcerated.

On July 20, 1976, when the probation revocation

---

* Circuit judge, sitting on the Court of Appeals by assignment.

hearing was held, the officer testified that on three separate dates defendant delivered heroin to him. Defendant's probation was revoked and on August 4, 1976, he was sentenced to 20 to 30 months in prison on the original conviction for attempt to carry a pistol in a motor vehicle. He was given 79 days credit for time served since the arraignment on the probation violation warrant. Defendant appeals as of right from the order revoking his probation.

Defendant contends that he was deprived of due process because the court failed to hold a preliminary hearing to determine whether there was probable cause to believe that a probation violation had occurred. Such a hearing, defendant claims, is mandated by *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), and *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973).

This Court has held several times that the due process requirements of *Morrissey, supra,* and *Gagnon, supra,* are satisfied by Michigan's single revocation hearing procedure if that hearing is held sufficiently close in time to the notice of the probation violation. *People v Blakely,* 62 Mich App 250; 233 NW2d 523 (1975), *People v Leroy Jackson, Jr.,* 63 Mich App 241; 234 NW2d 467 (1975), *People v Hardenbrook,* 68 Mich App 640; 243 NW2d 705 (1976).

In *People v Leroy Jackson, Jr., supra,* at 245–246, fn 7, the Court also observed that several jurisdictions have held that there do exist certain situations in which a preliminary hearing need not be conducted. Following the rationale that *Morrissey* and *Gagnon* were not intended "to create an inflexible structure" for revocation procedures, *Morrissey v Brewer, supra,* 408 US at 490;

92 S Ct at 2604; 33 L Ed 2d at 499, and that such procedures were not intended "to foreclose the states from * * * developing other creative solutions to the practical difficulties of the *Morrissey* requirements", *Gagnon v Scarpelli, supra,* 411 US at 782, fn 5; 93 S Ct at 1760; 36 L Ed 2d at 662, various jurisdictions have not required preliminary hearings (1) when the probationer has been convicted of a new crime, *In re Law,* 10 Cal 3d 21; 109 Cal Rptr 573; 513 P2d 621 (1973); (2) when the preliminary examination on a new crime serves the dual purpose of determining probable cause for the commission of the crime and the violation of probation, *People v Buford,* 42 Cal App 3d 975; 117 Cal Rptr 333 (1974); and (3) when no prejudice is shown to the probationer because of the lack of a preliminary revocation hearing. *State v Morales,* 120 NJ Super 197; 293 A2d 672 (1972), *cert den* 62 NJ 77; 299 A2d 75 (1972), *Lambur v Chew,* 356 F Supp 751 (ED Va, 1973).

The California Supreme Court in *In re Law, supra,* remarked that when the conduct which constitutes a prima facie probation violation is also an independently charged new felony, the procedures afforded through the holding of a preliminary hearing are inclusive of or can be made to conform to the *Morrissey* requirements. But, the court stated, "[d]ue process would further require * * * that a [probationer] have fair notice of the nature and effect of a hearing intended to serve such a dual purpose". 10 Cal 3d at 27.

In the present case, probable cause determinations were made on the heroin charges before defendant's arraignment on the probation violation warrant. A merger of the probable cause hearing on the new felony and the preliminary revocation hearing would have appropriately satis-

fied the due process requirements of *Morrissey,* as *In re Law, supra,* suggests, had the defendant been given notice of the nature and effect of a hearing intended to serve such a dual purpose.

Though no notice was given, petitioner is not entitled to relief by reason of the failure to hold a probable cause hearing unless he was prejudiced thereby. *Cf. Callison v Dept of Corrections,* 56 Mich App 260; 223 NW2d 738 (1974). In Michigan, the rule in effect is that the question of reversal is controlled by determination of whether the error was prejudicial. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972). As this Court acknowledged in *People v Leroy Jackson, Jr., supra,* other jurisdictions hold that due process requires only that no unfairness result from the denial to a probationer of the prerevocation hearing. See *Lambur v Chew, supra, State v Morales, supra,* and *People v Hunt,* 29 Ill App 3d 416; 330 NE2d 883 (1975).

Here defendant was held for the probation violation only after the preliminary examination on the heroin charges which were the basis of the violation. When the court formally determined that he had violated his probation and sentenced him, defendant was given credit for the time he had served in jail in the interim. *Cf. People v Hallaway,* 39 Mich App 74; 197 NW2d 335 (1972), and *People v Diamond,* 70 Mich App 512; 245 NW2d 809 (1976), in which credit for time served was deemed to alleviate prejudice to the defendant. Since the defendant alleges no prejudice and none appears other than incarceration, the failure to fully satisfy the *Morrissey-Gagnon* due process requirements did not result in any harm to the defendant.

Finally, defendant claims that if probable cause to believe a probation violation had occurred was

found, he was entitled to a full jury trial to determine if his probation should be revoked. The Supreme Court has held that due process requires only that revocation proceedings be conducted in a fundamentally fair manner. The whole range of due process rights associated with criminal trials does not apply to such proceedings. *Morrissey, Gagnon, supra.* "Probation revocation * * * is not a stage in a criminal prosecution * * * ." It deals with "the more limited due process right of one who is a probationer * * * only because he has been convicted of a crime". 411 US at 789; 93 S Ct at 1763; 36 L Ed 2d at 666. Defendant was not entitled to a full jury trial. A less formal hearing was sufficient. *People v Walker,* 17 Mich App 85; 169 NW2d 153 (1969).

Affirmed.