PEOPLE v IRVING

Docket No. 56070. Submitted October 20, 1981, at Detroit.—Decided
    May 5, 1982.
    David W. Irving was convicted, on his plea of guilty, of entering
    without breaking. He was placed on probation. Defendant was
    later charged with violating his terms of probation and con-
    victed, Detroit Recorder's Court, Michael J. Talbot, J. He was
    sentenced to prison and appeals. *Held:*
        1. The revocation of probation was not based on defendant's
    failure to pay court costs due to his indigency but was based on
    defendant's conviction for criminal sexual conduct in the first
    degree and armed robbery subsequent to being placed on proba-
    tion. Therefore, defendant's equal protection rights were not
    violated.
        2. The trial judge based his decision to revoke defendant's
    probation on reasons set forth in the notice of probation viola-
    tion served on defendant.
        3. Defendant was not entitled to challenge, at his probation
    revocation hearing, the validity of the conviction which formed
    the basis of the probation violation charge.
        4. Defendant was not denied due process by the service of
    notice of his probation violation on the same day as his revoca-
    tion hearing. He was not prejudiced by the failure of the trial
    court to hold a probable cause hearing and, not being able to
    challenge his convictions for sexual assault and armed robbery,
    additional time would have been ineffectual and was not re-
    quired.
    Affirmed.

1. CRIMINAL LAW — PROBATION REVOCATION — COLLATERAL CHAL-
    LENGE.
    A defendant who, while on probation, is convicted of a crime in

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 21 Am Jur 2d, Criminal Law §§ 578, 579.
    Propriety of revocation of probation for subsequent criminal convic-
        tion which is subject to appeal. 76 ALR3d 588.
    Right to notice and hearing before revocation or suspension of
        sentence, parole, conditional pardon, or probation. 29 ALR2d
        1074.

violation of the conditions of his probation is not entitled to challenge, at his probation revocation hearing, the validity of the conviction which forms the basis for the charge of probation violation; the proper manner in which to challenge the propriety of the underlying conviction is by way of direct appeal and if that conviction is reversed defendant may be entitled to reversal of the parole revocation or another revocation hearing.

2. CONSTITUTIONAL LAW — CRIMINAL LAW — DUE PROCESS — PROBATION REVOCATION — SINGLE REVOCATION HEARING.

There is no due process requirement for a preliminary hearing to determine whether 'there is probable cause to believe that a probation violation has occurred before a defendant's probation may be revoked if a hearing on revocation of probation is held sufficiently close in time to the notice of probation violation.

3. CRIMINAL LAW — PROBATION REVOCATION.

A defendant who is incarcerated after a felony conviction is not entitled to relief for the failure of the state to hold a preliminary hearing prior to holding a probation revocation hearing to determine probable cause to believe that a probation violation has occurred, unless he is prejudiced thereby.

4. CRIMINAL LAW — PROBATION REVOCATION — NOTICE.

A defendant is entitled to receive written notice of a probation violation sufficiently in advance of a scheduled probation revocation hearing to allow him a reasonable opportunity to prepare his defense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Eleanor Cattron Smith, P.C.,* for defendant on appeal.

Before: T. M. BURNS, P.J., and M. F. CAVANAGH and R. A. BENSON,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was convicted, on his plea of guilty, of entering without breaking, MCL 750.111; MSA 28.306, on October 12, 1978, and placed on probation for a term of four years. On December 23, 1980, defendant was sentenced pursuant to his December 12, 1980, conviction by a jury of two counts of criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2), and one count of armed robbery, MCL 750.529; MSA 28.797. Immediately after the sentencing proceeding, defendant was served with a warrant for violation of the terms of his probation. The grounds stated in the notice of probation violation were (1) conviction for criminal sexual conduct in the first degree and armed robbery, and (2) nonpayment of the court costs arising in the original proceeding relating to the conviction of entering without breaking.

The defendant's probation revocation hearing was conducted the same morning as, and following, the sentencing hearing. The record does not indicate the amount of time which elapsed between the service of the notice of violation and the revocation hearing. Defendant, accompanied by counsel, pled not guilty to the charges of probation violation. Defendant maintained throughout the proceeding that he was not guilty of the criminal sexual conduct and armed robbery charges. The court found that defendant was guilty of violating the terms of his probation and sentenced the defendant to 40 to 60 months in prison. The defendant appeals as of right.

Defendant contends that the trial judge based his decision to revoke defendant's probation on reasons other than the charges set forth in the notice of probation violation. This is not supported by the record. The notice states two instances of violation, defendant's conviction of two counts of

criminal sexual conduct and one count of armed robbery, and failure to pay court assessments. The trial judge, after questioning defendant concerning both the failure to pay the court assessments and defendant's prior convictions, expressly indicated that the basis for his decision to revoke defendant's probation was defendant's convictions. Therefore, contrary to defendant's contention, the revocation of probation was not a violation of defendant's equal protection rights as a result of being based on the defendant's failure to pay court costs due to indigency, *People v Gallagher,* 55 Mich App 613; 223 NW2d 92 (1974), *lv den* 393 Mich 766 (1974).

A defendant who, while on probation, is convicted of a crime in violation of his probation is not entitled to challenge, at his probation revocation hearing, the validity of the conviction which forms the basis for the charge of the probation violation. *People v Johnson,* 87 Mich App 544; 274 NW2d 68 (1978). When a defendant directly appeals such an underlying conviction and that conviction is subsequently reversed, the defendant may then be entitled to reversal of the parole revocation or another revocation hearing. *People v Tebedo,* 107 Mich App 316; 309 NW2d 250 (1981).

In this case there was no preliminary hearing held to determine whether there was probable cause to believe that a probation violation had occurred. We reject defendant's contention that the procedure here, service of notice of his probation violation the same day as the final revocation hearing, denied the defendant the due process notice to which he was entitled under the holdings of *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), and *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973). This

Court has addressed this issue in *People v Gladdis,* 77 Mich App 91, 93; 257 NW2d 749 (1977):

"This Court has held several times that the due process requirements of *Morrissey, supra,* and *Gagnon, supra,* are satisfied by Michigan's single revocation hearing procedure if that hearing is held sufficiently close in time to the notice of the probation violation. *People v Blakely,* 62 Mich App 250; 233 NW2d 523 (1975), *People v Leroy Jackson, Jr,* 63 Mich App 241; 234 NW2d 467 (1975), *People v Hardenbrook,* 68 Mich App 640; 243 NW2d 705 (1976)."

In addition, the defendant was not prejudiced by the failure of the trial court to hold a probable cause hearing. *People v Gladdis, supra,* 95. Defendant was held for the probation violation only after he had been sentenced for his conviction on the sexual assault and armed robbery charges and was already in custody. There was no threatened loss of evidence due to the delay, nor any interim incarceration due solely to the alleged probation violation, the evils toward which the preliminary hearing requirement established in *Morrissey, supra,* was aimed. 408 US 471, 485.

A defendant is entitled to receive written notice of a probation violation sufficiently in advance of the scheduled revocation hearing to allow him a reasonable opportunity to prepare his defense. *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976), *lv den* 397 Mich 807 (1976), *People v Gulley,* 66 Mich App 112; 238 NW2d 421 (1975), *lv den* 396 Mich 850 (1976). Where a defendant's parole was revoked for conduct in violation of probation conditions, for which conduct he had not been convicted, notice the same day of the hearing, *Bell, supra,* and notice one day prior to the hearing, *Gulley, supra,* was held not to be a sufficient

amount of time for the defendant to prepare a defense.

Recently, however, this Court in *People v McNeil,* 104 Mich App 24; 303 NW2d 920 (1981), held that notice received by the defendant of the probation revocation hearing one day prior to the hearing on a violation based on conduct for which he had not been convicted was sufficient under the particular circumstances.

"As in *People v Broadnax,* 98 Mich App 338, 340; 296 NW2d 253 (1980), the violations charged in the within case presented very simple factual issues 'requiring minimal time as far as gathering information relevant to determining the existence of a viable defense'. Defendant herein knew whether he had violated the conditions noted on the warrant, and could, without much preparation, decide whether to plead guilty and present available mitigating circumstances to the court. This conclusion is not in conflict with *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976), *lv den* 397 Mich 807 (1976), where lack of timely notice was found with respect to shoplifting charges which defendant disputed. We likewise distinguish *People v Gulley,* 66 Mich App 112, 114; 238 NW2d 421 (1975), *lv den* 396 Mich 850 (1976), where defendant was charged with armed robbery, unlawfully appropriating a bus, and assaulting a police officer with the bus. In both *Bell* and *Gulley,* the charged violations could not properly be disputed without gathering witnesses and preparing a substantial defense. Such was not required here and we thus find no prejudice to defendant in the timing of the notice." *McNeil, supra,* 28-29.

In the instant case, the defendant could not challenge his convictions for sexual assault and armed robbery at the probation revocation hearing, *People v Johnson,* 87 Mich App 544; 274 NW2d 68 (1978). Additional time to gather witnesses and prepare a defense to dispute the facts

of the convictions would have been ineffectual, and under the practical approach of *McNeil, supra,* not required by due process. See also Judge BRENNAN's dissent in *People v Gillman,* 71 Mich App 374; 248 NW2d 553 (1976). See also *People v Irving,* 99 Mich App 367; 297 NW2d 668 (1980).

Finally, we find defendant's claim that he was denied a final hearing before a neutral and detached hearing body to be without support in the record. *People v Nesbitt,* 86 Mich App 128; 272 NW2d 210 (1978).

The revocation of defendant's probation is affirmed.