PEOPLE v SWEET

Docket No. 62995. Submitted January 7, 1983, at Lansing.—Decided
    April 5, 1983. Leave to appeal applied for.

Michael Sweet was convicted, on his plea of guilty, of armed
    robbery and breaking and entering, Ingham Circuit Court,
    Michael G. Harrison, J. Defendant appeals, alleging error in
    the court's refusal to overturn the probate court's denial of his
    motion to dismiss the people's petition for a waiver of juvenile
    court jurisdiction and in the court's failure to inform defendant
    of the mandatory minimum sentence for armed robbery. *Held:*

1. Reversal of a defendant's conviction based on a plea of
guilty is not required for failure to comply with JCR 1969, 11.1,
requiring that Phase I of a waiver of juvenile jurisdiction
hearing be held within 28 days after the preliminary hearing
unless adjourned for good cause, where the Phase I hearing is
adjourned for good cause which existed at all times prior to the
adjournment and at an adjudicative hearing which would have
been timely but for the petition to waive jurisdiction, where
defendant had actual notice of the hearing on the petition to
waive jurisdiction, and where neither party moved to reschedule the hearing within the time period called for by the rule.

2. Because of the uncertainty in the law as to whether the
statutory phrase "life or any term of years" encompasses a
mandatory minimum sentence, reversal of defendant's armed
robbery conviction does not seem warranted.

Affirmed.

Infants — Criminal Law — Jurisdiction — Waiver of Jurisdiction — Juvenile Court Rules.

Reversal of a defendant's conviction based on a plea of guilty is
    not required for failure to comply with JCR 1969, 11.1, requiring that Phase I of a waiver of juvenile jurisdiction hearing be
    held within 28 days after the preliminary hearing unless
    adjourned for good cause, where the Phase I hearing is adjourned for good cause which existed at all times prior to the

Reference for Points in Headnote

47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
    Children § 19.

adjournment and at an adjudicative hearing which would have been timely but for the petition to waive jurisdiction, where defendant had actual notice of the hearing on the petition to waive jurisdiction, and where neither party moved to reschedule the hearing within the time period called for by the rule (JCR 1969, 11.1).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Janice L. Blough,* Chief Appellate Attorney, and *Susan K. Marshall* and *Pamela J. McCabe,* Assistants Attorney General, for the people.

State Appellate Defender (by *Karla Kendall),* for defendant on appeal.

Before: ALLEN, P.J., and BRONSON and WAHLS, JJ.

BRONSON, J. Defendant pled guilty to charges of armed robbery, MCL 750.529; MSA 28.797, and breaking and entering, MCL 750.110; MSA 28.305. He appeals by right.

Defendant first claims that the circuit court erred by refusing to overturn the probate court's denial of his motion to dismiss the people's petition for a waiver of juvenile court jurisdiction. On December 24, 1980, a preliminary hearing was held pursuant to JCR 1969, 4.2, and defendant was ordered detained. A January 23, 1981, hearing was set. On December 30, 1980, the prosecutor filed an application to waive juvenile court jurisdiction over defendant. On January 23, 1981, the probate court adjourned the hearing, because the victim of an armed robbery defendant was charged with had not sufficiently recovered from her injuries to testify. The hearing was adjourned to February 18, 1981.

Defendant claims that reversal is required, alleging a violation of JCR 1969, 11.1, which states in part:

> "Phase 1 of the waiver hearing must be held within 28 days after the preliminary hearing, unless adjourned for good cause."

The circuit judge held that the hearing was adjourned for good cause and that defendant's failure to show prejudice barred him from relief.

We first address the holding that defendant's failure to show prejudice bars him from relief. Our Supreme Court has held that a violation of the "12-day rule" for preliminary examinations (MCL 766.4; MSA 28.922) entitles a defendant to discharge. *People v Weston,* 413 Mich 371; 319 NW2d 537 (1982), rejecting this Court's "no prejudice/no reversal" rule. A violation of the "28-day rule" of JCR 1969, 11.1 is distinguishable, because a probable cause determination has been made prior to the entry of an order detaining a juvenile. See JCR 1969, 4.2(b)(7)(b). The fact of a juvenile's detention is not altered, regardless of the outcome of Phase I of the waiver hearing. See JCR 1969, 11.6. Compare the situation considered by the Supreme Court in *Weston:*

> "A preliminary examination functions, in part, as a screening device to insure that there is a basis for holding a defendant to face a criminal charge. A defendant against whom there is insufficient evidence to proceed should be cleared and released as soon as possible. The notion that a presumptively innocent defendant should remain in custody until a convenient time arrives for the magistrate to conduct the preliminary examination is exactly what the Legislature precluded in MCL 766.1; MSA 28.919." (Footnote omitted.) *Weston, supra,* p 376.

We believe that the decision on this issue is not governed by its analogy to *Weston.*

At the same time, we recognize that few, if any, defendants will be able to show prejudice due to a violation of the "28-day rule". A "no prejudice/no reversal" rule might encourage noncompliance with the time limitation. Until we receive guidance from the Supreme Court sitting in its supervisory capacity, we will apply the rule that the nature of the noncompliance will dictate the nature of the remedy.

In the present case, the probate judge set an adjudicative phase hearing for 30 days after the preliminary hearing. This would have been timely, JCR 1969, 8.1, had no waiver petition been filed by the prosecutor. No effort was made by either party to reschedule the hearing. On January 23, 1981, an adjournment was granted for good cause. This cause had existed at all times prior to that date; *i.e.,* the prosecutor's motion to adjourn, if it had been brought in a timely manner, would have been granted. Defendant is not, therefore, objecting to the failure to hold a hearing in a timely manner, but to the failure to move to adjourn in a timely manner. Under the circumstances we find that reversal is not warranted.

The circuit court also held that defendant's Phase I waiver hearing was adjourned for good cause, excusing the requirement that it be held within 28 days of his preliminary examination. Although the language of JCR 1969, 11.1 does not explicitly preclude this interpretation, we agree with defendant that, to be timely under the rule, a motion to adjourn must generally be brought within 28 days of the preliminary hearing.

Defendant alleges that he did not receive timely notice, as required by statute and court rule, of the

hearing on the petition to waive jurisdiction. He does not claim, however, that he lacked actual notice of all that is required by statute and court rule. We refuse to reverse absent a claim of lack of actual notice. We also believe that this claim was waived by defendant's guilty plea.

Finally, defendant claims that his guilty plea is invalid, because the trial judge failed to inform him of the mandatory minimum sentence for armed robbery. Although I believe that armed robbery does carry a mandatory minimum term, I believe that no error was committed for the reasons stated in my opinion in *People v Gray,* 121 Mich App 788; 329 NW2d 493 (1982).

Affirmed.