IN THE MATTER OF SHARMAN SCRUGGS

Docket No. 71254. Submitted January 20, 1984, at Detroit.—Decided
    May 14, 1984. Leave to appeal applied for.

  Sharman Scruggs, a minor, was placed on probation by the
    Juvenile Division of the Wayne Probate Court, Thomas A.
    Maher, J., after having been found to have committed larceny
    from a person. His probation was subsequently revoked upon a
    finding that he had committed felonious assault, and he was
    committed to the custody of the Department of Social Services.
    Scruggs appealed. *Held:*

    Probation for a juvenile offender is a matter of grace rather
    than right and is discretionary with the juvenile court. Revoca-
    tion of probation upon a finding in a dispositive hearing that
    the juvenile violated a criminal statute is not violative of due
    process and does not require a jury trial.

    Affirmed.

CRIMINAL LAW — JUVENILE LAW — PROBATION — REVOCATION OF
    PROBATION.

  Probation for a juvenile offender is a matter of grace rather than
    right and is discretionary with the juvenile court; revocation of
    probation upon a finding in a dispositive hearing that the
    juvenile violated a criminal statute is not violative of due
    process and does not require a jury trial (JCR 1969, 8.2, 9.2).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Edward Reilly Wilson,* Deputy
Chief, Civil and Appeals, and *Thomas M. Cham-
bers,* Assistant Prosecuting Attorney, for peti-
tioner.

*Patricia Slomski,* for respondent.

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
    Children §§ 29, 31, 47.

Before: Shepherd, P.J., and J. H. Gillis and M. Warshawsky,* JJ.

Shepherd, P.J. Appellant was placed on probation by the juvenile court on July 29, 1982, after being found to have committed larceny from a person, MCL 750.357; MSA 28.589. On April 26, 1983, appellant's probation was revoked upon a finding that he had committed the offense of felonious assault, and he was committed to the custody of the State Department of Social Services. Appellant now appeals his probation revocation as of right.

Appellant first argues that he was entitled to an adjudicative hearing or trial on the issue of his guilt or innocence, a right he was denied. Furthermore, argues appellant, a juvenile has a right to a jury trial in a probation revocation proceeding. We find our resolution of the first issue to be determinative of the second, and affirm the juvenile court's revocation of appellant's probation.

Proceedings in juvenile court are of two general types: adjudicative and dispositional. JCR 1969, 8.1 and 8.3 describe the two types of proceedings.

"(a) Adjudicative Phase. The adjudicative phase determines whether the child comes within the court's jurisdiction under MCL 712A.1 *et seq.; MSA 27.3178(598.1) et seq.,* as alleged in the petition. There is a right to jury trial.

"(b) Dispositional Phase. The dispositional phase determines measures to be taken by the court with respect to the child and adults properly within its jurisdiction if the court has determined at the adjudicative phase that the child comes within the statute. There is no right to jury trial." JCR 1969, 8.1.

* Circuit judge, sitting on the Court of Appeals by assignment.

The admissibility of evidence and the standard of proof vary according to the type of proceeding involved.

"Evidence.

"(a) Adjudicative Phase. Absent a valid plea in confession, only competent, relevant, and material evidence is admissible at the adjudicative phase. In a case involving an offense by a child, the rules of evidence for a criminal proceeding and the standard of proof beyond a reasonable doubt apply. In a case involving an offense against a child, the rules of evidence for a civil proceeding and the standard of proof by a preponderance of the evidence apply.

"(b) Dispositional Phase. In the dispositional phase only relevant and material evidence may be considered. Clear and convincing evidence is required to terminate parental rights." JCR 1969, 8.3.

Appellant argues that, in a proceeding charging probation violation, a juvenile is entitled to both phases of proceedings: an adjudicative hearing on the issue of guilt and a dispositional hearing for sentencing. This issue is not resolved in the juvenile code. The only reference to a petition for revocation of probation is contained in the juvenile code at MCL 712A.15; MSA 27.3178(598.15), a reference which provides no guidance with regard to the nature of the proceeding itself.

JCR 9.2, however, provides as follows:

".2 Procedures. In a hearing on a probation violation * * * the same procedure as for an original petition must be followed, except that there is no right to jury trial."

MCL 712A.21; MSA 27.3178(598.21), while it makes no mention of probation revocation, provides for a rehearing

"at any time while the child is under the jurisdiction of the court * * * upon all matters coming within the provisions of this chapter. * * * The rehearing shall be conducted in accordance with the provisions of this chapter relative to the conduct of original hearings. At any time the court may enter an order for supplemental disposition as long as the child remains under the jurisdiction of the court."

While not relying on the language of MCL 712A.21; MSA 27.3178(598.21), appellant interprets the language of JCR 1969, 9.2, calling for the same procedure in a hearing on probation violation as is employed in an original petition, to mean that probation revocation hearings are to be divided into adjudicative and dispositional phases. In support of his position, appellant points to the commentary to JCR 9.2 contained in the Michigan Juvenile Court Procedure Sourcebook (1970 ed), pp 30-31. The notes to the rule read in part:

"Rule 9.2 is included as a means of clarifying an area of question with regard to procedures followed upon violation of probation or 'parole'. While 'revocation of probation' is referred to in the Code (§ 15) no procedure is specified. The summary procedure in the Criminal Code (MCL 771.4; MSA 28.1134) was considered for incorporation by reference provided an appropriate order establishing authority to so proceed had been originally entered. However, this was felt by the committee too loose a practice, and procedure as in the original proceedings is provided, excepting only the right to a jury."

Since the drafters of the rule rejected the standards for criminal probation revocation hearings, appellant argues, they must have intended that juveniles be entitled to adjudicative hearings for violation of probation, with all protections inher-

ent therein other than trial by jury, including proof beyond a reasonable doubt and application of the more restrictive rules of evidence. Appellant supports this interpretation by arguing that, while in adult probation revocation cases a defendant can only be sentenced in accordance with the original offense, in juvenile cases a minor may receive the most restrictive disposition possible without the safeguards included in a trial. This, argues appellant, denies juveniles due process of law. We cannot agree.

At the adjudicative phase, the juvenile court determines whether a child comes within the jurisdiction of the court. Clearly, where a juvenile is before the court for having violated terms of the probation upon which he was placed by that same court, jurisdiction has already been determined and the adjudicative phase is no longer necessary. *In the Matter of Rebecca Oakes,* 53 Mich App 629, 632; 220 NW2d 188 (1974). While we agree that juveniles are entitled to due process of law, see *In re Winship,* 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970); *In re Gault,* 387 US 1; 187 S Ct 1428; 18 L Ed 2d 527 (1967), we find no due process violation here. Presumably appellant was given all the due process protection incorporated within the requirements for an adjudicative hearing at the initiation of juvenile court proceedings when he was found to have committed larceny from a person. Once the juvenile court found that appellant had indeed violated the statute prohibiting larceny, it had continuing jurisdiction over appellant until he was 19 years old. MCL 712A.2a; MSA 27.3178(598.2a). Probation, a matter of grace rather than a right owned by appellant, was discretionary with the juvenile court. MCL 712A.18; MSA 27.3178(598.18). Although not specifically enunciated in the juvenile code, the juvenile court

is free to revoke probation upon a violation of its terms. See JCR 1969, 9.2. The hearing at which appellant's probation was revoked and he was remanded to the custody of the Department of Social Services was, by its very nature, dispositional rather than adjudicative. We do not interpret JCR 9.2 as requiring every safeguard provided in the case of an adjudicative hearing; first, such an interpretation would be neither logical nor sensible and, second, we find it just as likely that the provision requires only that a certain procedural format be followed, *e.g.,* requiring that JCR 1969, 8.2 procedural requirements be met with regard to dispositional hearings. No determination of guilt or innocence is made at the probation revocation hearing, since the juvenile is not being tried on the substantive charge. The hearing is conducted only to determine whether probation has been violated; the hearing does not result in a conviction on the underlying crime.

We find that only a dispositional hearing was required before revoking appellant's probation; furthermore, we find that such a procedure is not violative of appellant's due process rights.

Appellant next argues that a right to a jury trial attaches to a juvenile delinquency probation revocation proceeding. Based on our analysis of the previous issue, we find this claim to be without merit. Furthermore, we note that JCR 1969, 9.2 specifically prohibits a trial by jury in probation revocation proceedings. We cannot agree that this prohibition denies appellant equal protection of the law. See *People v Gladdis,* 77 Mich App 91; 257 NW2d 749 (1977).

Finally, appellant argues that the juvenile court erred in failing to make findings of fact. Again, we cannot agree. The Juvenile Court Rules make no

provision for findings of fact in probation revocation proceedings. While in general it might be desirable for juvenile courts to state findings of fact upon the record, we do not find reversal to be warranted here. Where it is clear on the record that the court resolved the factual question of appellant's participation in the claimed offense and believed appellant had so participated, a remand for further articulation would be of little assistance in this Court's review. See *People v Jackson,* 390 Mich 621, 627, fn 3; 212 NW2d 918 (1973); *People v Kelly,* 122 Mich App 427, 432; 333 NW2d 68 (1983).

Affirmed.