IN THE MATTER OF BENNETT

Docket No. 72151. Submitted April 6, 1984, at Lansing.—Decided June 19, 1984. Leave to appeal denied, 419 Mich —.

Respondent Bennett has been a temporary ward of the Ingham County Probate Court since July 8, 1979. On May 12, 1983, a Lansing police detective signed a petition for rehearing alleging that respondent had committed the crime of larceny in a building by stealing several items from a Lansing store. On May 24, 1983, a preliminary hearing was held before a probate court referee. A preliminary order, dated May 24, 1983, authorized the filing of the petition against respondent and placed him in the temporary care of the Ingham County Shelter Home. A general order, dated May 25, 1983, by Probate Court Judge Robert L. Drake provided that a plea having been taken at the preliminary hearing, a determinaiton had been made to conduct a dispositional hearing. At the dispositional

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 39.

Validity and efficacy of minor's waiver of right to counsel-modern cases. 25 ALR4th 1072.

[2, 3] 20 Am Jur 2d, Courts § 43.

47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 44 *et seq.*

66 Am Jur 2d, References §§ 22, 27.

[3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 40.

[4] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 36.

[4, 5] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 34.

Right to bail in proceedings in juvenile courts. 53 ALR3d 848.

[5, 6] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 38.

Duty of court to inform accused who is not represented by counsel of his right not to testify. 79 ALR2d 643.

[7] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 26, 27.

[8] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 22.

hearing, a probate court referee determined that respondent should be committed to the Michigan Department of Social Services. An order to that effect was entered by Probate Court Judge Robert L. Drake on June 7, 1983. Respondent appeals therefrom. *Held:*

1. The probate court referees at the preliminary and dispositional hearings did not commit errors which separately or together amounted to a denial of respondent's right to due process.

2. Respondent's contention that there was no valid basis for the probate court's exercise of jurisdiction is without merit since the court's jurisdiction was not based on any confession obtained from the respondent, as respondent contends, but was a continuing jurisdiction based on respondent's past conduct.

3. The probate court referees at the preliminary and dispositional hearings did not err in failing *sua sponte* to appoint an attorney or a guardian ad litem for the respondent. An express waiver of the right to counsel is not required to appear in the record since a verbatim transcript need not be made at preliminary hearings. The referees did not abuse their discretion in failing to *sua sponte* appoint a guardian ad litem.

Affirmed.

1. COURTS — PROBATE COURTS — INFORMAL PROCEEDINGS — TRANSCRIBED RECORD — RIGHT TO COUNSEL — WAIVER.

Informal proceedings held by the juvenile division of the probate court are not required to be transcribed; an express waiver of a child's right to counsel need not appear in the record of an informal proceeding (MCL 712A.17; MSA 27.3178[598.17]).

2. COURTS — PROBATE COURTS — PRELIMINARY HEARINGS — DISPOSITIONAL HEARINGS — CONSENT OF PARTIES — CONSENT CALENDAR — JUVENILE COURT RULES.

Probate court referees are not required to obtain the consent of any party before holding a preliminary or dispositional hearing in a juvenile matter which is not placed on the consent calendar (JCR 1969, 4.3[C]).

3. COURTS — PROBATE COURTS — PETITIONS — FORMAL CALENDAR — JUVENILE COURT RULES.

The filing and authorization of a petition in the juvenile division of the probate court is consistent with proceedings on the formal calendar (JCR 1969, 4.3[D]).

4. COURTS — PROBATE COURTS — BONDS — JUVENILE COURT RULES.

A juvenile's parent is to be advised at a preliminary hearing in

the juvenile division of the probate court of the right to post bond (JCR 1969, 4.2[B][9]; MCL 712A.17; MSA 17.3178[598.17]).

5. COURTS — PROBATE COURTS — RIGHT TO COUNSEL — RIGHT TO REMAIN SILENT — JUVENILE COURT RULES.

The child and his parent are to be advised at a preliminary hearing in the juvenile division of the probate court of the right to counsel and the right to remain silent; the child and parent must be advised of the right to counsel at the first hearing (JCR 1969, 6.1[A], 8.2[C] and [D]).

6. COURTS — PROBATE COURTS — RIGHT TO COUNSEL — WAIVER — JUVENILE COURT RULES.

The appointment of counsel for a child in the juvenile division of the probate court is required when the child and those responsible for his support are financially unable to employ counsel, or though able, refuse to employ counsel unless counsel is waived pursuant to the Juvenile Court Rules; a child may voluntarily and understandingly waive the right to counsel with the concurrence of the parent (JCR 1969, 6.2, 6.3[A][1]).

7. COURTS — PROBATE COURTS — JUVENILE DIVISION — JURISDICTION.

Jurisdiction over a child continues for a period of two years beyond the maximum age of jurisdiction conferred under the Juvenile Code provision regarding jurisdiction of the juvenile division of the probate court where the probate court has exercised jurisdiction over the child pursuant to subdivisions (a) or (b) of that provision (MCL 712A.2, 712A.2a; MSA 27.3178[598.2], 27.3178[598.2a]).

8. COURTS — PROBATE COURTS — JUVENILE DIVISION — GUARDIAN AD LITEM — JUVENILE COURT RULES.

The appointment of a guardian ad litem on behalf of a child is required in the juvenile division of the probate court where no parent, guardian or custodian appears on behalf of the child or where, in the opinion of the court, the welfare of the child so requires (JCR 1969, 5).

*Peter D. Houk,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Charles R. Toy,* Assistant Prosecuting Attorney, for the people.

*William G. Ivey, II,* for respondent.

Before: Danhof, C.J., and R. B. Burns and Gribbs, JJ.

Per Curiam. Respondent appeals as of right from a juvenile court's order committing him to the custody of the Michigan Department of Social Services.

Respondent has been a temporary ward of the Ingham County Probate Court since July 8, 1979. The instant appeal arose out of an incident which was alleged to have occurred on May 7, 1983. A petition for rehearing was signed by a Lansing police detective on May 12, 1983, alleging that respondent had committed the crime of larceny in a building by stealing several items from a Lansing store. On May 24, 1983, a preliminary hearing was held before probate court referee Michele Bauer. In accordance with MCL 712A.17; MSA 27.3178(598.17), no transcript was made of the hearing. A preliminary order, dated May 24, 1983, authorized the filing of the petition against respondent and placed him in the temporary care of the Ingham County Shelter Home. A general order, dated May 25, 1983, signed by Probate Court Judge Robert Drake, provided that "a plea having been taken" at the preliminary hearing, a determination had been made to conduct a dispositional hearing. At the dispositional hearing, referee Richard Kerbawy determined that respondent should be committed to the Department of Social Services. An order to that effect was entered by Judge Drake on June 7, 1983.

Respondent raises three issues on appeal. He argues initially that the referees at the preliminary and dispositional hearings committed errors, which separately or together amounted to a denial of his right to due process. We have reviewed the alleged errors and find no denial of due process.

The referees were not required to obtain the consent of any party before holding the preliminary and dispositional hearing since the matter was not placed on the consent calendar. See JCR 1969, 4.3(C). The referee at the preliminary hearing recommended that a petition be filed. An order to that effect was entered the following day by the probate judge. The filing and authorization of the petition was consistent with proceedings on the formal calendar. See JCR 1969, 4.3(D). Respondent's mother was not denied the opportunity to post bond. The record of the preliminary hearing indicates that JCR 1969, 4.2(B)(9) and MCL 712A.17; MSA 27.3178(598.17) were complied with, since respondent's parent was advised of the right to post bond. Respondent and his mother were likewise informed of the right to counsel and the right to remain silent at the preliminary hearing, pursuant to JCR 1969, 8.2(C) and (D). Respondent contends that he should have been informed of these rights again at the subsequent dispositional hearing. JCR 1969, 6.1(A) requires only that the child and parent be advised of the right to counsel at the *first* hearing. Although JCR 1969, 8.5 requires the hearing referee to follow the procedures set forth in subrules 8.2(A) through 8.2(E), we find no reversible error here since respondent had already, in the presence of his mother, acknowledged and admitted to the correctness of the petition at the preliminary hearing, where he was advised of his right to counsel and to remain silent. The dispositional hearing concerned only the question of where respondent should be placed. Respondent's final allegation of error resulting in a denial of due process likewise is without merit. The referee did not ignore respondent's request to have his case heard by a judge. The transcript

indicates that the referee made every attempt to comply, but that respondent unequivocally withdrew his request.

Respondent's second argument is that there was no valid basis for the probate court's exercise of jurisdiction. Respondent contends that jurisdiction was based on his invalid confession of guilt regarding the alleged larceny. Respondent misconstrues the basis for the probate court's jurisdiction here. Jurisdiction over respondent was obtained prior to July 8, 1979. The probate court continued to exercise its jurisdiction by conducting rehearings and placing respondent in various facilities up until the instant order committing respondent to the custody of the Michigan Department of Social Services. Under MCL 712A.2a; MSA 27.3178(598.2a), when the probate court, as here, has exercised jurisdiction over a child pursuant to subdivisions (a) or (b) of § 2 of the Juvenile Code, jurisdiction continues for a period of two years beyond the maximum age of jurisdiction conferred under § 2. Since respondent was 14 at the time the instant order was entered, he was well within the jurisdictional age discussed in the statute. See MCL 712A.2; MSA 27.3178(598.2). The probate court's jurisdiction here was not based on any confession obtained from respondent, but was a continuing jurisdiction based on respondent's past conduct.

Respondent's final contention is that the referees at the preliminary and dispositional hearings erred by failing *sua sponte* to appoint for him an attorney or a guardian ad litem. We find no error.

JCR 1969, 8.2(C) requires that the child and his parent be advised of the right to counsel as provided in JCR 1969, 7. JCR 1969, 6.3(A)(1) requires the court to appoint counsel for the child "when

the child and those responsible for his support are financially unable to employ counsel, or though able, refuse to employ counsel" unless waived as provided by JCR 1969, 6.2. JCR 1969, 6.2 provides that "[a] child may voluntarily and understandingly waive the right to counsel" with the concurrence of a parent. Informal proceedings in probate court are not required to be transcribed. MCL 712A.17; MSA 27.3178(598.17). In light of the fact that no verbatim transcript need be made at preliminary hearings, we decline to impose the requirement requested by respondent that an express waiver of the right to counsel appear in the record. Such a requirement is not mandated by the Juvenile Code or by the Juvenile Court Rules. *In re Gault,* 387 US 1, 42; 87 S Ct 1428, 1451; 18 L Ed 2d 527, 554 (1967), relied upon by respondent, states that due process requires that a juvenile be advised of his right to retained or appointed counsel, but recognizes that such right may be waived. The Court makes no finding that due process requires an express waiver of such right on the record. While we believe the better practice would be to require respondent and his parent or guardian to sign a waiver of counsel form, we decline to find error in the referees' failure to do so in this case.

Respondent has also failed to establish that the failure of the referees to appoint *sua sponte* a guardian ad litem was an abuse of discretion. JCR 1969, 5, requires the appointment of a guardian ad litem when no parent, guardian or custodian appears on behalf of the child, or where, "in the opinion of the court, the welfare of the child so requires". Referee Bauer determined at the preliminary hearing that the appointment of a guardian ad litem was not necessary. Respondent's

mother was present at that hearing and both parents were present at the dispositional hearing. There is no evidence that respondent's rights were prejudiced by the referees' decision. In light of respondent's extensive experience in the probate court system and the presence of at least one parent at both hearings, we find no abuse of discretion.

Affirmed.